## HOBART v. HOBART.

1. **Practice**: REFERENCE OF CAUSES. It is the general rule in this State that all actions may be referred by consent, and chancery cases, wherein questions of fact arise, without consent.

2. ———: DIVORCE: REFEREE. Actions for divorce, however, are excepted from the operation of this rule by section 2222 of the Code, and such actions cannot be sent to a referee for a hearing, but must be publicly tried in open court by the courts themselves.

3. ———: ———: CONSENT OF PARTIES. Consent of the parties to an action for divorce will not authorize the court to refer the case.

4. ———: ———: REFEREE. The fact that the report of the referee is filed with the court, and exceptions thereto are heard and ruled upon, does not constitute a trial in open court within the meaning of the statute.

5. ———: ———: ———. Nor does the adoption of the findings of the referee by the court constitute a compliance with the requirements of the statute.

6. ———: ———: COMMISSIONER. The referee is not merely a commissioner to take the evidence, such as may be appointed under section 2222 of the Code.

7. ———: ———: ———. But, where an action for divorce has been tried by a referee, it was held that the evidence taken before him might be used upon a re-trial of the case.

8. ———: ———: TRIAL DE NOVO. The fact that such an action is triable *de novo* in the Supreme Court, and that all the evidence is before it, in an action which has been tried before a referee, does not obviate the necessity for a reversal and re-trial in the manner provided by statute.

*Appeal from Johnson Circuit Court.*

WEDNESDAY, APRIL 4.

ACTION for a divorce. Upon motion of plaintiff the cause was sent to a referee. The record shows that the defendant objected to the order of reference, but the order itself recites that it was made upon the agreement of the parties. It also recites that exception was taken thereto by defendant. Objection to the reference and denial of the referee's jurisdiction were renewed before him, and to the court upon the filing of

the report. The cause was submitted to the Circuit Court upon the referee's report, exception thereto, the pleadings and the evidence taken at the reference. The report was confirmed and a decree entered granting the relief prayed for in the petition. Defendant appeals.

*Slater & Edwards*, for appellant.

*Boal & Jackson*, for appellee.

BECK, J.—I. There is apparent and irreconcilable conflict in the record, as presented to us, upon the question of the consent of the parties to the order of reference. The defendant seems to have objected thereto upon all proper occasions. But the order of the court, which shows the action had upon the subject, explicitly recites that the reference was made upon the agreement of the parties. We are bound by this adjudication of the court upon the question of the assent of the parties, rather than by other matters appearing in the record contradictory thereto. We must regard the reference of the case as having been made with the consent of the defendant.

II. We are, in this view of the case, required to determine whether the court, with the consent of the parties, has authority to refer a divorce case. The question depends upon the construction of certain sections of the Code upon the subject of reference of actions and the trial of divorce cases, which we will now proceed to consider.

1. PRACTICE: reference of causes.

The provisions controlling the reference of causes generally are found in the following sections of the Code:

"2815. All or any of the issues in an action, whether of fact or of law, may be referred upon consent of the parties, either written or oral, in court, entered upon the record.

"2816. Where the parties do not consent, the court may, upon its own motion, direct a reference in either of the following cases:

"1.   *   *   *   *   *   *   *   *   *
"2.   *   *   *   *   *   *   *   *   *

"3. Where a question of fact shall arise in any action by equitable proceedings, in which case the court, in the order

of reference, shall prescribe the manner in which the testimony shall be taken on the trial."

Under these sections all actions may be referred by consent, and chancery cases, wherein questions of fact arise, without consent. It may be conceded that, if no other provision renders these sections inapplicable to divorce cases, they may be referred by consent under the first section just cited, and, being prosecuted by equitable proceedings, they may be referred under the other when issues of fact arise therein. *State v. Orwig*, 25 Iowa, 280.

III. Code, § 2222, authorizing and governing proceedings for divorce, contains the following provision: "No divorce shall be granted on the testimony of the plaintiff; and all such actions shall be heard in open court on the testimony of witnesses, or depositions taken as in other equitable actions triable upon oral testimony, or by a commissioner appointed by the court."

2. ——: divorce: referee.

The trial required in this section is to be had *in open court.* We are first charged with the task of determining the purport and effect of the words "*open* court." The language is simple and its meaning obvious. The trial must be in a *court.* Blackstone, adopting Coke's definition, says, "a court is a place where justice is judicially administered." 3 Bl. Com., 24. But this definition obviously wants fullness; it is limited to the *place* of a court in its expression. In addition to the place, there must be the presence of the officers constituting the court, the judge or judges certainly, and probably the clerk authorized to record the action of the court; time must be regarded, too, for the officers of a court must be present at the place and at the time appointed by law in order to constitute a court. To give existence to a court, then, its officers and the time and place of holding it must be such as are prescribed by law. The Circuit Court is to be held by the Circuit Judge (Code, Chap. 5, Title III), and its terms are prescribed by law (§ 163). The places of holding it are also prescribed, and it cannot be held elsewhere (§ 192). To constitute the Circuit Court, then, the Circuit Judge must be in

the discharge of judicial duties at the time and in the place prescribed by law for the sitting of that court.

The word *open*, used in the section before us as an adjective qualifying the noun *court*, is to be understood as conveying the idea in this connection that the court must be in session, organized for the transaction of judicial business. This is its meaning when used elsewhere in the Code. See §§ 2805, 191, 4390, 2741. It may, possibly, in this connection, mean public, free to all. If so, such signification would not materially change the force of the expression, and certainly would not require us to understand the term court to imply anything other than a tribunal organized for the administration of justice at the time and place prescribed by law.

Counsel for plaintiff insists that the sole office of the words "open court" is to secure the trial of divorce cases publicly, to prevent secret proceedings therein by providing that no one shall be refused admittance to the court while such cases are on hearing. While, as we shall hereafter see, such, doubtless, was the legislative intention in enacting the provision, the object is not attained by providing that the trials shall be in *public* courts, but rather that the trials shall be before the *courts* themselves, and not elsewhere or at any other times than the law prescribes for the sessions of courts. It cannot be thought that this provision was introduced to secure public trials when a general statute requires the same thing. Code, § 189.

The trial of divorce cases then must be before the court as we have expressed the meaning of the term. But it is insisted that the referee in this case, when in discharge of his duties, was the court and, therefore, this requirement was complied with. This position is untenable. The referee is not the judge of a court but an officer thereof, acting under appointment and charged with certain special duties. The law confides to him no judicial powers further than they are conferred upon him by the court's appointment. He has no power to hold the court. If, therefore, he discharges the duties intrusted to him at the time and place prescribed by law for holding

courts, the tribunal cannot be called a court, for it has not a judge.

But it is argued that as § 2819 provides "the referee shall stand in the place of the court, and shall have the same power, so far as necessary, to discharge his duty," the law regards him as the court. The language of this section refutes the proposition. The referee, it is provided, "stands in the place of the court;" that is, he is charged with duties and possesses powers with which the court is clothed. But he is not the court; he simply *stands in its place.* Surely, had it been the intention of the law-makers that the referee should constitute the court, no such language would have been used.

IV. We will next inquire whether the consent of the parties to the reference authorized the court to refer the case. A

3. ——: ——: word in regard to the intention of the legislature
consent of parties. in enacting the provisions above discussed will be here pertinent. It was doubtless intended to prevent the fraudulent procurement of divorces, which, if not in our State, has elsewhere been practiced to an extent that has become a public evil. Dissolutions of the marriage contract, it is known, have often been procured clandestinely, without the knowledge of innocent parties unwilling to be divorced. Parties weary of the marriage relations existing between them, or attracted by other "affinities," without any legal cause of divorce have collusively procured separations by the decrees of the courts. These fraudulent proceedings are not only had by the abuse of the powers of the courts, but inflict evil upon society. Our legislature has wisely thrown barriers in the way of those who thus violate the law and contemn good morals and public decency. One of these barriers is the provision in question to the effect that all trials in divorce cases shall be before the *open court.* Secrecy, whereby the innocent spouse may be unwillingly divorced, and collusion, whereby the discontented unlawfully aim to dissolve the marriage relations, are defeated. An interested, sympathetic or incompetent referee cannot be appointed in a quiet way to withdraw from public observation and examine the case in the manner best calculated to attain the object of the fraud

of the plaintiff or the collusion of the willing defendant. The statute requires such cases to be tried in the light of day, by the judge of the court who, it is presumed, will fairly and fully administer the law. It is one of the provisions which the Commissioners revising the Code in their report say is "designed to prevent the abuse of our divorce laws and especially the obtaining of fraudulent divorces by persons not actually entitled to the benefit of our laws." Report, p. 68. The provision in question was first introduced into the Code, being found in no prior enactment. The legislative intention in its enactment is doubtless expressed by the Code Commissioners. It will be clearly seen that this intention could be readily defeated in cases of collusive applications for divorces, by the agreement of the parties.

The power of the court in actions that are not of purely equitable cognizance, to appoint referees for the trial of such causes rests alone upon legislative enactment. It may be that in cases originally cognizable in chancery such power is possessed. *State v. Orwig*, 25 Iowa, 280. But this inquiry we need not pursue. It must be admitted that, if the statute forbids the reference of cases of a particular class, or requires them to be tried by the court, they cannot be referred, and an order to that effect would be void. The court, by such an order, could not confer authority upon the referee to try the cause. The order would not be valid if made with the consent of the parties for the simple reason that the law forbids the reference—requires the court to try the case itself. This position, we think, cannot be disputed. We conclude, therefore, that actions for divorce may not be referred for trial even with the consent of the parties.

V. Section 2222, under the construction we have adopted, is not in conflict with § § 2815 and 2816. These being general in their character cannot be regarded as inconsistent with the other, which is special and applicable alone to divorce cases. Such cases are taken out of the operation of the general statute by the special provisions of § 2222. These several sections being *in pari materia* must be so construed together that all may stand. Under our construction the

several provisions are sustained according to the clearly ex-
pressed legislative intention.

VI.   It is urged that the cause was tried by the court, and
the statute which we have had under consideration, was, there-
fore, complied with.   This position depends for
support upon the fact that the referee returned his
report, with the evidence taken by him, which was duly con-
sidered by the court.

4. ——: ——:
referee.

After the coming in of the report defendant, according to
the usual practice, filed exceptions thereto on various grounds,
among others, that the findings of facts by the referee are in
conflict with, and unsupported by, the evidence.   These excep-
tions were tried by the court in the manner of reviewing the
finding of facts by referees.   The court, we presume, examined
the evidence and decided upon the exceptions in the light of
such examination.   But we cannot denominate such deter-
mination of the exceptions upon a consideration of the evi-
dence, a trial of the case by the court.   It was more in the
nature of a review for the correction of errors.   Whatever it
may be like, certain it is that it is not and never has been
called a trial, as the word is used in law.   It is not the trial in
*open court,* required in this class of cases.

VII.   But it is said that the court adopted the findings of
the referee upon the examination of the evidence, and, there-
fore, such findings become those of the court and
no prejudice could have resulted therefrom.   The
answer to this is that the law does not contemplate such pro-
ceedings, and permits the courts no such aids, if aids they be,
in the administration of justice.   The parties are by the law en-
titled to the unbiased and untrammeled judgment of the judge
applied to their case.   Instead of this, it is examined by him
with the view to determine whether the findings of the referee
are supported by the evidence.   The examination, necessarily,
is of such a character that the influence and weight of the
findings are against the party excepting thereto.   The court
must overcome these findings in order to render judgment for
the party excepting.   It will at once be seen that the judge
does not try exceptions to the referee's report with that free-

5. ——: ——:
——.

dom of mind he gives to an original trial on the evidence.    It requires no argument to show the prejudice resulting to defendant from such a course of proceeding in this case.

VIII.    Code, section 2222, provides that the court in actions of this kind may appoint a *commission* to take evidence.    It is insisted that the referee in this case is a commis-
sioner of the kind provided for in this statute.    The distinctions between a commissioner and a referee are well understood by the profession.    They need not be enumerated here.    The court appointed a referee to take the evidence, and "settle the issues of law and fact—to determine all issues, and make report of findings therof."    Surely, it cannot be seriously argued that the referee acted simply as a commissioner to take evidence.    The record shows that he discharged all the duties of a referee, determined all issues of law and fact, and made report of his findings thereon.    If he be regarded as a commissioner his duties were confined to taking the evidence; his findings of facts and law, and other acts, were without authority of law and void.

IX.    The court in the appointment of the referee directed and required him to take and report the evidence.    This power, but no other or further, the court could, under § 2222, lawfully confer upon the person designated in the order. . To the extent of the authority lawfully conferred upon him, the referee could act.    The evidence was lawfully taken and reported by him.    As it remains in the court below there exists no necessity to take it again, in any form, to be used upon the trial of the cause before the court.    Whatever evidence was taken by the referee may be used upon the trial when it shall be had in the court below. The fact that the order of appointment designates the person appointed as a referee, did not deprive him of authority to take the evidence.    The law, § 2222, under which the appointment to take and report the evidence is held valid that far, provides that a *commission* may be appointed for that purpose.    The designation of the person appointed as a referee would not defeat the acts done by him with lawful authority. Such designation, if not strictly proper, did not defeat the order

of appointment, so far as it conferred powers within the authority of the court. The evidence taken by the referee will of course be subjected to all well founded objections to its relevancy and competency, to be determined at the trial by the Circuit Court. The parties will have the right to introduce upon the trial other evidence.

X. It is said that, as the case is triable *de novo* in this court and we have before us all the evidence, it must be determined thereon, without regard to errors committed by the court below; that the reference, at most, was but an error, and is, therefore, no impediment to a rehearing in this court. Without inquiring whether the evidence was so taken and preserved, and is so certified, that a trial *de novo* may be had here, we may, for the present purpose, admit the proposition to that effect. But the defendant was entitled to a trial upon the evidence, in the manner prescribed by law, and before the court having exclusive cognizance of the case, prior to a determination of the issues by this court. The submission of these issues to a tribunal forbidden by law to determine them deprived the defendant of the right to a trial in a lawfully constituted court. Of this right he cannot be deprived without prejudice and, probably, without great injustice. At all events, the right is secured to defendant by law, and we must be careful that it is not denied him. To the end, therefore, that justice may be administered by the tribunal and in the form appointed by law, the decree of the Circuit Court is reversed, and the cause is remanded for further proceedings in the court below, in accord with the law as announced in this opinion.

REVERSED.

ROTHROCK, J., took no part in the decision of this case.