[Richardson, et al. v. N. N. & T. J. Powell.]

# Richardson, *et al. v.* N. N. & T. J. Powell.

## Partition.

(Decided February 8, 1917. 74 South. 364.)

1. **Appeal and Error; Transcript; Parties Appealing; Sufficiency of Showing.**—A formal application for an appeal in the name of the respondents in the case and the register's certificate that the first-named respondent "et als." applied for and took an appeal sufficiently shows that the appeal was taken on behalf of all respondents, though the security for costs was not signed by all.

2. **Appeal and Error; Jurisdiction of Appellate Court; Organization of Court Below.**—The jurisdiction of the Supreme Court depends upon an affirmative showing in the transcript that the judgment from which the appeal was taken was rendered by a court organized according to law.

3. **Appeal and Error; Transcript; Organization of Lower Court.**—A caption as follows "A transcript of the records in a certain cause pending in the circuit court" of a named county of the state, taken in connection with the certificate of appeal, which recited that the register in chancery thereby certified that in the above-entitled cause a decree was rendered by the chancery court in that county, though informal, sufficiently shows the organization of the lower court to warrant a consideration of the appeal.

4. **Judgment; Conclusiveness; Particular Proceedings.**—A judgment in ejectment in favor of some of the respondents and against the complainants in a subsequent bill for partition is conclusive in favor of those respondents.

5. **Partition; Bill; Title of Complainants.**—A bill in equity for partition need not set out the evidences of title under which complainants claim interest in the property.

APPEAL from Washington Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill for partition by N. N. & T. J. Powell against A. G. Richardson and others. Decree for complainants, and respondents appeal. Reversed and remanded.

The caption is as follows:

A transcript of the record and proceeding had in a certain cause pending in the circuit court of Washington county, state of Alabama, therein lately pending, wherein N. N. and T. J. Powell were complainants and A. G. Richardson and others were defendants.

The original bill and summons was:

N. N. and T. J. Powell v. A. G. Richardson, et al., Chancery Court, Washington County, Ala.

[Richardson, et al. v. N. N. & T. J. Powell.]

The certificate of appeal is:

I, C. E. Pelham, register in chancery, in and for Washington county, state of Alabama, do hereby certify that in the above-entitled cause a decree was rendered by the chancery court in and for Washington county, state of Alabama, in favor of N. N. and T. J. Powell, and against A. G. Richardson and others, on December 3, 1914, for a partition of the land as prayed for in the bill, besides the cost of the court, and that on December 14, 1914, A. G. Richardson and others applied for and took an appeal from said decree, and gave an appeal bond with A. G. Richardson and W. H. Richardson and John A. Richardson as sureties, etc.

The land sought to be partitioned were lots 8, 9, 13, 14, and 15, section 28, T. 6. N., R. 1 E., containing 92 26/100 acres. Respondents named were: A. G., H. L., H. B., J. L., John A., C. C. and F. M. Richardson, O. N. Onderdonk, and L. E. Lane. B. B. Richardson was afterwards excluded, and W. H. Richardson was substituted as a party respondent. It appeared from the testimony of T. J. Powell that he and his brother brought an ejectment suit in the circuit court of Washington county against A. G. Richardson and others, and that judgment was rendered for defendants in that case. It seems that the ejectment suit was on behalf of A. G., W. H., Joe L., H. L., C. C., and F. M. Richardson, Ora Onderdonk, and L. E. Lane, and against N. N. and T. J. Powell, and after judgment was rendered for plaintiff, an agreement was entered into by which defendants were allowed to remain in possession of that portion of the land now in the actual possession of defendant, and shall pay plaintiff therefor the sum of $2 per acre as rent for so much of the land as may be cultivated by them. The lands sought to be recovered in the ejectment suit were the lands above described.

JOE M. PELHAM, JR. for appellants. JOHN S. GRAHAM and WILLLIAM D. DUNN for appellees.

SAYRE, J.—The brief for appellees insists that the appeal should be dismissed for that the transcript fails to show that all the defendants joined in the appeal, nor does it appear that those not joining have been brought in as provided by the statute or the rule of practice for such cases made and provided. The motion to dismiss the appeal on the ground above specified has not been spread upon the motion docket as required by rule 16

[Richardson, et al. v. N. N. & T. J. Powell.]

(Code, p. 1509), but the submission on the motion has been received nevertheless and will be considered.

(1) The motion is based upon the fact that the security for the costs of appeal is not signed by all the appellants. The security has been approved as sufficient by the register. It was not necessary that all the defendants should join in its execution. Indeed, some of the appellants are minors. The fact that the appeal was taken in the name and on behalf of all the defendants is evidenced by the formal application for an appeal in the name of "the respondents in the case," and by the register's certificate that "A. G. Richardson, et als., applied for and took an appeal."

(2, 3) It is further suggested in the brief that the organization of the court below is not shown by the transcript. This court's jurisdiction depends upon the affirmative appearance in the transcript of the fact that the judgment on which the appeal is taken was rendered by a court organized according to law.— *Pensacola, A. & W. Ry. Co. v. Big Sandy Iron Co.*, 147 Ala. 274, 41 South. 418. The caption of the proceedings shown by the transcript is informal to a degree, but our judgment is that, in connection with the certificate of appeal, it shows enough to warrant our consideration of the appeal. It may be noted that amended rule 26 (175 Ala. xix, 61 South. vii) does not apply to transcripts in equity cases.

(4) Defendants pleaded and the proof showed that a judgment in ejectment had been rendered in favor of some of them against the complainants in this bill. Under previous rulings of this court this judgment should have concluded the cause in favor of those defendants who were parties to the action at law. —*Coleman v. Stewart*, 170 Ala. 255, 53 South. 1020; *Robinson v. Inzer*, 70 South. 717. The failure to observe this rule must result in a reversal of the decree.

(5) The court is of opinion that *Foster v. Ballentine*, 126 Ala. 394, 28 South. 529, lays down the correct rule in regard to the averment of complainants' title in a case of this character. We do not construe *Berry v. T. & C. R. R. Co.*, 134 Ala. 618, 33 South. 8, as holding anything to the contrary of *Foster v. Ballentine*, nor as holding that it is necessary in any case that the complainant in a bill for partition should set out the evidence of the title under which he claims an interest. Some observations to be found in *Berry v. T. & C. R. R. Co.*, and supposed to

be influential in this case, are to be explained by the fact that the court was dealing with a case in which, under the law in respect of conveyance of property adversely held as it then was, complainant could not aver title, for it had conveyed its title. Nevertheless complainant in that case was entitled to maintain the suit for the use of its alienee.

We call attention to the fact that the transcript is not prefaced by an index of its contents as required by Supreme Court Rule 26, Code, p. 1512.

For the error indicated above the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.