71 So.2d 59

### GARRARD et al.

#### v.

#### STATE ex rel. WAID.

8 Div. 738.

Supreme Court of Alabama.

March 18, 1954.

·Herbert H. Conway, Albertville, for appellants.

·Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This is an appeal from a final decree enjoining appellant from operating a liquor nuisance on certain premises, and enjoining the operation of the dance hall and the music machine on the premises between the hours of sunset and sunrise.

The appeal must be dismissed for two reasons: one, the organization of the court is not shown; and two, there is no certificate or authentication of the transcript by the court reporter or the register in any manner.

This court dismissed the appeal in a suit in equity in the case of Pensacola, A. & W. R. Co. v. Big Sandy Iron Co., 147 Ala. 274, 41 So. 418, with this statement: "It cannot be gainsaid that, 'since this court acts on the transcript alone, the latter must show all the facts essential to vest the court with jurisdiction to hear the cause.' Therefore ·it must affirmatively appear in the transcript that there was a properly organized trial court by which a lawful judgment could be rendered. McPherson v. Wiggins, 147 Ala. 692, 40 So. 961; * * *. This record fails to show the organization of the trial court, and the appeal must be dismissed."

In Clark v. Sanders, 233 Ala. 378, 171 So. 717, 718, the court, speaking through Chief Justice Anderson said: "* * * We think the record sufficiently shows the organization of the court. Moreover, if it did not, the omission would only be fatal to the appellant's appeal."

On the second reason given for dismissal, we quote that part of § 767, Title 7, Code of 1940, which is applicable here:

"The register, clerk, or judge of probate, must, on the application of the appellant or his attorney, make and deliver to him in time to be returned to the appellate court, a full and complete transcript of the record and proceedings in the case, * * * *with his certificate that it is a complete transcript of all the proceedings in the cause* * * *." [Italics supplied.]

For the application of this statute in an analogous case see Alabama Public Service Commission v. Avery Freight Lines, 254 Ala. 672, 49 So.2d 170.

The purported record in this case shows that considerable testimony was given orally before the trial court. The last sentence of Equity Rule 56, Title 7, Code of 1940, Appendix (Pocket Part), dealing with "Oral examination in open court" is as follows: "In any such case where appeal shall be taken the court trying the case must require the testimony to be transcribed in typewriting, *certified* to by the stenographer, and *filed* in the cause." [Italics supplied.]

While this court was dealing with a case at law and statutes and rules not applicable in equity in the case of West v. Givens, 246 Ala. 395, 20 So.2d 710, 711, the last three sentences are applicable to the case at bar: "There is in the record what purports to be a transcript of the proceedings on the trial. But it is not certified by the court reporter, nor marked filed with the clerk [register]. It is not authenticated in any manner whatsoever."

Appeal dismissed.

·LAWSON, STAKELY and GOODWYN, JJ., concur.