78 So.2d 924

Lawrence McPHERSON

v.

John Morris STALLWORTH.

1 Div. 611.

Supreme Court of Alabama.

Jan. 20, 1955.

Rehearing Denied March 24, 1955.

Windell C. Owens, Monroeville, for appellant.

John M. Coxwell, R. L. Jones, Monroeville, and B. E. Jones, Evergreen, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment in an action of ejectment and from a ruling on the motion for a new trial.

The appeal must be dismissed, for there is no organization of court appearing in the record as required by Supreme Court Rules, rule 26, Code 1940, Tit. 7 Appendix. See Garrad v. State ex rel. Waid, 260 Ala. 486, 71 So.2d 59; Pensacola, A. &

368

W. R. Co. v. Big Sandy Iron Co., 147 Ala. 274, 41 So. 418.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.

On Application for Rehearing

SIMPSON, Justice.

 On application for rehearing, we are urged to change our decision and reinstate the appeal, one reason being that the case was submitted on the merits with the appellee making no objection to the transcript. Such a defect cannot be waived. Unless there is an organization of the court shown, the jurisdiction of this court is never invoked. It may be true that no "formal" organization is absolutely required, but it must be affirmatively shown that the proceedings appealed from were had in a court organized according to law. This should not be left to inference. The court in Bell v. Fulgham, 202 Ala. 217, 80 So. 39, 40, stated:

"The transcript before us contains no formal caption, such as is directed by Rule 26 * * * but from the certificate of appeal and other parts of the transcript it is ascertained that the judgment under review was rendered by a court organized according to law. This warrants our consideration of the appeal."

The court's statement about the certificate of appeal probably had reference also to the Probate Judge's certification of the record. From examining the original record in that case, we are unable to ascertain exactly what was embraced in the term "other parts of the transcript," unless it was an introductory statement preceding the bill of exceptions. We have no such statement in this case, though the clerk's certificate and the certificate of appeal conform generally to the ones in the Bell case. But there was a certificate of appeal in the case of Garrard v. State ex rel. Waid, 260 Ala. 486, 71 So.2d 59, which imparted the same information as the ones in the Bell case and the one now before this court. If the clerk's certificate is sufficient to invoke the jurisdiction of this court, then there is no office to be performed by the organization of the court and that part of Rule 26 might as well be stricken. Until it is stricken it should be enforced.

Application denied.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.