88 So.2d 685

**Edward ROGERS**

v.

**STATE.**

**3 Div. 755.**

Supreme Court of Alabama.

June 21, 1956.

---

L. H. Walden and Geo. W. Cameron, Jr., Montgomery, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appellant was convicted of murder in the first degree under an indictment charging him that he killed McLendon Tolbert by setting him on fire, thus causing his death. The jury returned a verdict of guilty and fixed his punishment at death. From the sentence imposed by the court the case comes here under the Automatic Appeal Statute, Tit. 15, § 382(1) et seq., cum. pocket parts, p. 122 et seq. Consistent with our duty, we have searched the

record for errors and find none. The case was well tried without substantial prejudice to the defendant.

■ We will only give a short statement of the facts in order to illustrate our rulings with reference to certain principles of law: The defendant, Ed Rogers (who by the way had a criminal record of serious crimes) and Emma Mae Bettis, as the Assistant Attorney General states in his brief, "had lived together, more or less as husband and wife, for about two years prior to this event." About three weeks before the crime, the defendant and this woman had some difficulty and they separated, the defendant living in a house behind hers. On the evening of February 21, 1955, the deceased, McLendon Tolbert, when the three were together, asked Emma Mae if she and defendant had "quit" and Emma Mae said "Yes, we have, we do not live together anymore," and Tolbert said, "I will be around to see you sometime," and Emma Mae said "OK, come when you get ready, you are welcome." Emma Mae then went into her house and shortly thereafter defendant brought Tolbert into the house. Tolbert appeared to have been hurt in some way and defendant knocked Tolbert down on the sofa. He was evidently unconscious. Defendant then saturated the couch and the room with kerosene, told Emma Mae and the children to come with him, and before Emma Mae locked the door he threw a match into the kerosene and they all left in defendant's automobile going to a bootlegger at Trickum, a point between Montgomery and Selma, Alabama. After picking up some moonshine whiskey, the party returned to Montgomery and found that the house, with Tolbert in it, had been practically destroyed by fire. Tolbert, of course, was dead.

Considerable of the foregoing evidence was given by Emma Mae Bettis, and the first point argued is that the conviction cannot stand since she was an accomplice and there were no corroborating circumstances. Code of Alabama 1940, Tit. 15, § 307. We need not trouble to determine whether Emma Mae Bettis was an accomplice, since her testimony was corroborated by other evidence. Her nine year old son also testified that defendant knocked Tolbert on the couch and poured kerosene on the sofa, etc., and set it afire. Expert witnesses also testified that, in their opinion, there was some inflammable substance, either, gasoline or kerosene or some such, which caused the house to burn as it did. Other witnesses stated that a few minutes before the house was on fire, defendant, Emma Mae and her three children left the house in defendant's automobile. The foregoing and other evidence which is unnecessary to relate sufficiently corroborates the testimony of Emma Mae Bettis.

■ The argument is also advanced by appellant's counsel that the nine year old son of Emma Mae was not shown to be qualified. The contention cannot be sustained. On voir dire the witness was interrogated as follows:

"Q. Do you know what it means to tell the truth? A. Yes, sir.

"Q. What happens to little boys who tell lies? A. Go to hell.

"Q. You have taken an oath. Do you know what that is? A. No, sir.

"Q. That means you will tell the truth. A. Yes, sir.

"Q. Are you going to tell the truth? A. Yes, sir.

"Q. Do you know what telling the truth means? A. Yes, sir."

The trial court properly ruled the witness sufficiently qualified. The foregoing indicated a knowledge on the part of the witness that he knew what it meant to tell the truth and knew what telling the truth was and that if he did not tell the truth, he would be punished. This suffices to satisfy the rule. Noble v. State, 253 Ala. 519, 45 So.2d 857.

■■ It is also argued that the defendant's rights were prejudiced because the trial was protracted beyond 7:00 o'clock

p. m. without agreement of counsel, in violation of § 117, Tit. 13, Code of Alabama, 1940. In construing this statute it has been held that it is merely directory. McNutt v. State, 23 Ala.App. 43, 121 So. 432, certiorari denied 219 Ala. 116, 121 So. 435. It is within the discretion of the trial court to continue the trial beyond 7:00 o'clock and as we view it, the statute cannot be invoked for a reversal unless that discretion is grossly abused, which is not the case here.

It is also contended for appellant that he was denied the right of cross examination as provided by § 443, Tit. 7, Code of Alabama, 1940, citing Moomaw v. State, 23 Ala.App. 125, 121 So. 904. The transcript fails to reveal, in the slightest, that the defendant was in any way denied his right of cross examination with respect to any material fact. Hence the Moomaw case is without application.

We are constrained to hold that the trial below proceeded without error.

Affirmed.

All Justices concur.