118 So.2d 292

### Ervin TIDWELL

v.

### STATE.

4 Div. 399.

Court of Appeals of Alabama.

Feb. 2, 1960.

Rehearing Denied Feb. 23, 1960.

Alice L. Anderson, Enterprise, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment in this case charged that "Ervin Tidwell with intent to injure or defraud, did alter, forge, or counterfeit a certain check," etc. Defendant was convicted "as charged," and was sentenced to the penitentiary for a term of two years.

The court refused to give to the jury this charge, requested in writing by the defendant:

"The court charges you gentlemen of the jury, if on considering all the evidence, you have a reasonable doubt of the defendant's guilt arising out of any part of the evidence it is your duty to find the defendant not guilty."

The refusal of the following charge has been held to be reversible error:

"The court charges the jury that, if the jury, upon considering all the evidence have a reasonable doubt about the defendant's guilt, arising out of any part of the evidence, they should find him not guilty." Rakestraw v. State, 211 Ala. 535, 101 So. 181; Sanford v. State, 37 Ala.App. 603, 75 So.2d 109; Holtbrook v. State, 38 Ala.App. 77, 76 So.2d 349; Lockett v. State, ante, p. 427, 117 So.2d 155, certiorari denied, Ala., 117 So.2d 156.

The present charge fairly and substantially states the applicable principles of law set out in the charge reviewed by Judge Carr in the Sanford case, supra. The words "it is your duty" are equivalent to the word "should," since "should" as used in instructions to the jury conveys the sense of duty or obligation. State v. Connor, 74 Kan. 898, 87 P. 703; Kippenbrock v. Wabash R. Co., 270 Mo. 479, 194 S.W. 50; Scarborough v. Walton, 36 Ga. App. 428, 136 S.E. 830.

The requested charge was not covered by the court's charge. No charge requested in writing by defendant was given. For the error in refusing the requested charge above set out, the judgment must be reversed and the cause remanded.

In view of this holding a discussion of other questions presented is not necessary.

Reversed and remanded.