130 So.2d 206

Ervin TIDWELL

v.

STATE.

4 Div. 436.

Court of Appeals of Alabama.

March 14, 1961.

Rehearing Denied May 9, 1961.

---

Alice L. Anderson, Enterprise, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

CATES, Judge.

This case was once before appealed here: 40 Ala.App. 580, 118 So.2d 292.

The transcript of record on appeal should begin: "At a regular, adjourned, or special session of ......... court of ...... at which the officers authorized by law to hold or serve such court were serving, the following proceedings were had in the cause styled ............ v. ............." Revised Supreme Court Rule 24 (old Rule 26), 261 Ala. at xxviii.

Here the text of the transcript of the record starts:

"No. 3109—Indictment.

"State of Alabama,      Circuit Court,
                             August Term,
Geneva, County.      August, 1957

"The Grand Jury of said County charge that before," etc.

On page 13 we find the caption sheet of the court reporter's transcript of the evidence which notes that the trial was before the Honorable Mike Sollie, III, as Judge of the Circuit Court of Geneva County, and a jury. Page 13 also notes the appearance of the circuit and county solicitors as well as of defense counsel.

The last page of the entire record bears the following certificate:

"No. 3109                 Certificate

"State of Alabama,      In Circuit Court
  Geneva, County.      at Law

"The State of Alabama,
     Plaintiff,                    Indictment:
No. 3109   vs.                  Forgery.
Ervin Tidwell,
     Defendant.

"I, W. R. Draughon, Clerk of the Circuit Court of Geneva County, Alabama, hereby certify that on the 17th day of May, 1960, the above named defendant, Ervin Tidwell, was convicted by the Circuit Court of Geneva County, Alabama, of the offense of Forgery and his punishment was fixed by the Court at imprisonment in the Penitentiary of the State of Alabama for a term of one year and one day. I further certify that the defendant gave notice of and obtained an appeal from the judgment and sentence of said court to the Court of Appeals of Alabama, and that judgment and sentence was suspended pending such appeal.

"I further certify that the foregoing pages numbered from 1 to —, both

inclusive, contain a full and complete transcript of the record and proceedings in said Circuit Court as the same appears of record in the Circuit Court in the Circuit Clerk's Office in said County; all of which I hereby certify to the Court of Appeals of Alabama.

"Witness my hand this 22 day of August, 1960.

"/s/ W. R. Draughon

W. R. Draughon,
Clerk of the Circuit Court,
Geneva County, Alabama.
"(Seal)"

■ The Attorney General has made a motion that we strike the record and dismiss the appeal because there is no caption as required by Revised Rule 24, supra.

Opposing this motion, appellant's counsel cites us to the court reporter's notations of the presence of the judge, jury and counsel. To support this as enough, we are referred to Richardson v. N. N. & T. J. Powell, 199 Ala. 275, 74 So. 364, and Bell v. Fulgham, 202 Ala. 217, 80 So. 39. Our Supreme Court, in McPherson v. Stallworth, 262 Ala. 367, 78 So.2d 924, has held this requirement to be jurisdictional and therein has virtually overruled Bell v. Fulgham, supra.

It should be noted that Richardson v. N. N. & T. J. Powell, supra, was an equity case and expressly mentioned that the amendment of old Rule 26 set forth in 175 Ala. xix, 61 So. vii, specifying a transcript caption, did not apply to equity cases. The 1913 amendment of Rule 26, 175 Ala. xix, expressly left the rule (appendix, Vol. 2, 1907 Code) unchanged in equity.

Terms of court have long since been abolished in this State. Code 1940, T. 13, § 114. The statute setting the hours for holding court has been held to be directory only. T. 13, § 117; McNutt v. State, 23 Ala.App. 43, 121 So. 432; Rogers v. State, 264 Ala. 500, 88 So.2d 685. However,

substance would be lost if all form were dispensed with.

■ By officers required to serve the court, we do not consider as indispensable the ancient panoply of the crier with his thrice sounded "Oyez," the tipstaff, the beadle, and the bumbailiffs, but rather those officers without which the court could not do its work: the judge, the clerk, the sheriff and (at criminal sessions) the solicitor.

The presence of the duly qualified and chosen judge (T. 13, § 185), the sheriff (T. 11, § 100, T. 13, § 193, T. 54, § 5, subdiv. (2), the circuit clerk (T. 13, § 198, subdiv. (a) 13) and, in criminal sessions, the solicitor (T. 13, § 229, subdiv. 6) appears to be a requisite of the conduct of business of a circuit court at law.

The coroner, except on the demise or disqualification of the sheriff (T. 12, § 59), and justices of the peace are not required to attend the first sitting as they were at common law.

■ Should we accept the court reporter's statement in place of one by the clerk, we should, in this instance, be disregarding (1) the conduct of all proceedings before the second trial, and (2) the function of the circuit clerk who has the duty under Rule 24 of certifying that those who held and served the court were the law's officers duly chosen and qualified so to do. Also, the reporter's certificate omits mention of the clerk and sheriff. For, while the sheriff and clerk, after opening court, need not remain continuously in the courtroom, if excused by the judge, yet they or their deputies should be in the courthouse or its environs, subject to call by the judge.

A court, by necessity, presupposes a judge appointed by law to administer justice at a place appointed by law. That the court keep records, ordinarily demands a clerk. That a court be ready and able

to summon witnesses or parties, requires sooner or later the sanction of force entrusted to the coordinate executive arm of government, i. e., the sheriff in his county. See Hobart v. Hobart, 45 Iowa 501; State ex rel. Steers v. Crim. Court of Lake County, 232 Ind. 443, 112 N.E.2d 445, 113 N.E. 2d 44.

Rule 24's requirement may seem strict, but to avoid the merest possibility of usurpation by interlopers it is necessary that there be such a certification to assure the appellate court of regular organization and attendance in the trial court. The circuit clerk is the custodian of the books and records of the court. T. 13, § 198.

As confessed by Simpson, J., in American Fed. of State, County & Municipal Emp. v. Dawkins, 268 Ala. 13, 104 So.2d 827, 834, "Perhaps we have written too much. We think we have. * * * We cannot hurdle * * * well-known rules of procedure in order to accommodate a single case."

Under Reynolds v. Henson, 264 Ala. 435, 87 So.2d 856; West v. Camp, 264 Ala. 644, 89 So.2d 170; Powell v. Powell, 265 Ala. 48, 89 So.2d 530; Glenn v. Sutton, 265 Ala. 154, 90 So.2d 227; Prince v. Hammock, 265 Ala. 255, 90 So.2d 672, and Barnes v. Salter, 270 Ala. 110, 116 So.2d 748, we grant the motion of the Attorney General to strike the record, with the result that this appeal is due to be

Dismissed.

### On Rehearing.

Tidwell's application states that the logic of the foregoing leads to the conclusion that he is under a void judgment and, therefore, entitled to his liberty.

We make no such holding: the record was deficient. In this state of the record the judgment is not before us.

Application overruled.