167 So.2d 273

**Jonnie Jones ELLIS**

v.

**McKinley JONES et al.**

**7 Div. 646.**

Supreme Court of Alabama.

Aug. 27, 1964.

SIMPSON, Justice.

This appeal must be dismissed.

The transcript contains no organization of the court in compliance with Supreme Court Rule 24(26), which provides in pertinent part:

"At the beginning of the transcript for an appeal the following caption and none other * * * shall be written: 'At a regular, adjourned, or special session of ———— court of ———— (insert in the blanks the legal name of the court from which the appeal is prosecuted), at which the officers authorized by law to hold or serve such court were serving, the following proceedings were had in the cause styled ———— v. ———— (insert the style of the cause as it appears on the docket of the court from which the appeal is taken.' "

This Court has repeatedly held that where no organization of the court appears in the record as required by this rule, the jurisdiction of the Supreme Court is not invoked, and the appeal must be dismissed.—McPherson v. Stallworth, 262 Ala. 367, 78 So.2d 924; Reynolds v. Henson, 264 Ala. 435, 87 So.2d 856; West v. Camp, 264 Ala. 644, 89 So.2d 170.

It must affirmatively appear that the proceedings appealed from were had in a court organized according to law.—Authorities, supra. In this case the organization of the court as it appears in the transcript relates to the case of "J. C. Smith, et al vs. Thomas E. Dalrymple", neither of whom is a party to this proceeding and which case apparently bears no relation to this proceeding. Therefore, the record is void of any organization of the court relating to the proceedings between the parties to this case and as to this proceeding and these parties, the jurisdiction of this court has not been invoked. This requirement cannot be waived.

· Scott & Scott, Fort Payne, for appellant.

Kellett & Hunt, Fort Payne, for appellees.

**100**

■ Another cogent reason sustentive of this result is that Supreme Court Rule 9(10)(b) was not even substantially complied with. See Finklea v. Brunson, 30 Ala.App. 419, 7 So.2d 94; Marcus v. Birmingham, 41 Ala.App. 477, 136 So.2d 920.

This Court is always reluctant to apply any rule which forces a dismissal of an appeal but the foregoing illustrates the necessity of the conclusion here attained.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.