The appellants, Melvin Roger Capps and Dennis James Capps, were convicted of burglary in the third degree and theft of property in the first degree in the Circuit Court for Chilton County. Each appellant was sentenced to life imprisonment on the theft charge and to 15 years' imprisonment on the burglary charge, pursuant to the Habitual Felony Offender Act. The two cases have been consolidated for purposes of appeal.
The state's evidence tended to show that at 2:00 a.m. on April 20, 1990, Mr. Laiton Lenoir and his son-in-law, Tony Smith, noticed a truck parked in front of their workshop at Lenoir's logging operations. Lenoir was able to identify the color and model of the truck. When the truck was driven away from the shop, Lenoir pursued it in his vehicle. Three miles from his shop, Lenoir caught up to what he believed to be the same truck that had just minutes before left his shop. He noticed that the bed of the truck contained several recapped trailer/tires, which he believed belonged to him. Lenoir attempted to stop the truck by ramming into the side of the it, but failed. The passenger fired at Lenoir and Lenoir abandoned his pursuit and reported the incident to the Maplesville Police Department.
Deputy Sheriff James Johnson of the Chilton County Sheriff's Department passed a truck matching the one described by Lenoir, and he pursued the truck. Three miles from where he had first spotted the truck, Deputy Johnson discovered the truck and two men he later identified as the appellants along the side of the road. The truck had broken down. A search of the truck revealed two firearms — a shotgun and carbine rifle. Lenoir returned to the scene where he had rammed the truck and picked up a tire that had been thrown out of the truck. The tire was from his shop. Also, five tires belonging to Lenoir were found stacked next to the highway on which the appellants had been traveling. Some personal items were found next to the stack of tires, and a print examiner was able to lift a fingerprint from one of these items. This print was identified as Melvin Capps's fingerprint. A forensic scientist *Page 488 
performed tests on paint chips from the appellants' truck, comparing them to the paint left on Lenoir's front bumper from the ramming incident. The forensic scientist testified that it was highly probable that the two vehicles had collided with one another.
 I
The appellants initially contend that the state failed to provide sufficient evidence to prove a prima facie case against them. However, a review of the record reveals that the appellants failed to preserve this issue for review. The appellants did not move for a judgment of acquittal or move for a new trial. This issue, therefore, has not been preserved for review. Garrison v. State, 521 So.2d 997 (Ala.Cr.App. 1986). See also Rule 12, A.R.Crim.P.
Assuming arguendo, however, that the appellants had preserved this issue for review, we find that from the evidence presented, the jury could have been convinced beyond a reasonable doubt of the appellants' guilt.
 II
The appellants' second contention is that the trial court erred in admitting certain photographs into evidence. Specifically, the appellants contend that certain photographs, state's exhibits number 7, 10, 11, and 12, were admitted into evidence without a sufficient predicate being laid. We disagree.
 "Generally, photographs are admissible into evidence in a criminal prosecution 'if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered, and their admission is within the sound discretion of the trial judge.' Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App. 1985), aff'd, 494 So.2d 154 (Ala. 1986), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). See also Woods v. State, 460 So.2d 291 (Ala.Cr.App. 1984); Washington v. State, 415 So.2d 1175
(Ala.Cr.App. 1982); C. Gamble, McElroy's Alabama Evidence § 207.01(2) (3d ed. 1977)."
Bankhead v. State, 585 So.2d 97, 109-10 (Ala.Cr.App. 1989), remanded on other grounds on rehearing, 585 So.2d 112
(Ala. 1991), on remand, 585 So.2d 133 (Ala.Cr.App. 1991), aff'd on return to remand, 625 So.2d 1141 (Ala.Cr.App. 1992), rev'd on other grounds, 625 So.2d 1146 (Ala. 1993). Furthermore, this court has also stated:
 " 'A photograph is admissible when properly authenticated — when a witness testifies that the picture as exhibited accurately reproduces objects or actions which he observed. . . . Consequently, it is not necessary to produce the photographer or other person present who saw the location of the camera where this is reasonably apparent from the photographs.' "
Pope v. State, 586 So.2d 1003, 1004 (Ala.Cr.App. 1991), quotingElmore v. State, 414 So.2d 175, 176 (Ala.Cr.App. 1982).
The record reveals that each of the photographs offered into evidence by the state was authenticated by a state's witness identifying the photograph. State's exhibits number 7 and 12 were photographs depicting front and side views of the appellants' truck. Deputy Johnson identified these photographs as accurately depicting the vehicle he observed the morning of the burglary. State's exhibit number 10 depicted the tires found on the side of the road by the Chilton County Sheriff's Department. This photograph was identified by Lenoir as accurately depicting the tires stolen from him. Last, state's exhibit number 11 depicted a rear view of the appellants' truck. This photograph was also identified by Lenoir as accurately depicting the truck he pursued the morning of the incident.
Reviewing the record and the applicable law, we hold that the trial court did not err in receiving into evidence these photographs offered by the state.
 III
The appellants next contend that the trial court erred in sentencing them under the Habitual Felony Offender Act (HFOA). Specifically, the appellants argue that they were given insufficient notice of the prior convictions the state intended to rely on for invoking the HFOA. *Page 489 
The state must give notice of its intention to proceed under the Habitual Felony Offender Act, although failure to apply that law would be a dereliction of duty. The statute requires that the state give notice of which prior convictions it intends to prove to invoke the act. Connolly v. State,602 So.2d 452 (Ala. 1992). However, the statute does not set out a minimum time frame for giving notice. The rules of reasonableness, fair play, and due process apply. Within these boundaries, the circuit court must use its discretion.Connolly, supra; see also Humber v. State, 481 So.2d 452
(Ala.Cr.App. 1985).
A review of the record shows that the appellants' trial ended on July 2, 1991, and that they were sentenced on April 6, 1993. On July 8, 1991, the state gave notice of its intent to proceed under the HFOA and supplied copies of the prior convictions it intended to use to invoke the HFOA. The record shows that Melvin Capps had four prior felony convictions and Dennis Capps had three prior felony convictions, and that these were the prior convictions of which they received notice on July 8, 1991. Sufficient notice of the state's intent to use these prior convictions was given.
The record also indicates that the state notified the appellant, Dennis Capps, that one of the prior convictions it intended to use was a certain felony conviction for escape. This notice was given the morning of the sentencing hearing. Whether the appellant was given sufficient notice of this fourth prior felony could have an effect on his sentence if some of the other convictions were not in fact his, or were not proved, but in this case it did not. To invoke the harshest penalty under § 13A-5-9 all that is required is proof of three prior felonies. § 13A-5-9 Code of Alabama 1975. See also Rule 26.6(b)(3) A.R.Crim.P. Notice of the other three prior convictions was given to Dennis, and it is not contended that he did not have those three convictions on his record. SeeJames v. State, 500 So.2d 474 (Ala.Cr.App. 1986).
Therefore, we find that the trial court did not err in sentencing the appellants under the provisions of the HFOA.
 IV
The remaining issues raised by the appellants for review concern receipt of certain testimony into evidence. Our review of the record reveals that the appellants have failed to preserve these issues for our review.
The appellants contend that the testimony of Craig Bailey, a forensic scientist with the Alabama Department of Forensic Science who testified regarding the paint chips, should not have been received into evidence because, they argue, the tests used by Bailey for analyzing the paint chips were not generally accepted in the scientific community. The record shows the following exchange:
 "Q [prosecutor]: Would you say it would be unusual for you to come up with this combination of three layers of blue and one layer of cream and one layer of primer in that order on two different paint samples if it had not come off the same vehicle?
"Mr. Rogers [defense counsel]: Objection.
"The Court: Overruled.
 "A: I would say it would be a high probability that it could have a same origin."
The objection was a general objection.
The appellants also contend that the trial court erred in receiving alleged hearsay testimony. The record shows the following:
 "Q [prosecutor]: Are those tires — did you ever show those tires to Mr. Lenoir?
"A [Deputy Johnson]: Yes, I did.
"Q: Did he identify those tires as being his?
"Mr. Rogers [defense counsel]: Objection.
"The Court: I overrule the objection.
"A: Yes sir."
Like the other, this objection was a general objection.
An appellant must provide specific grounds for his general objections at trial if he intends to appeal that issue. "A general objection that does not specify grounds preserves nothing for review." Landreth v. State, 600 So.2d 440, 447
(Ala.Cr.App. 1992), Thompson v. State, 575 So.2d 1238
(Ala.Cr.App. 1991). "A defendant is bound on appeal of a criminal prosecution by the grounds stated for the objection at trial," Lyde v. State, 605 So.2d 1255, 1258 (Ala.Cr.App. 1992). Thus, "an objection without specifying *Page 490 
a single ground is not sufficient to place the trial court in error for overruling such objection." Reeves v. State,456 So.2d 1156, 1160 (Ala.Cr.App. 1984). The appellants failed to state specific grounds for their objections. We therefore hold that the appellant failed to preserve these evidentiary issues for review. Reeves, supra.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.