797 So.2d 1117 (1997)
William CREWS
v.
STATE.
CR-95-1150.
Court of Criminal Appeals of Alabama.
November 14, 1997.
Rehearing Denied April 3, 1998.
Timothy Kyle, Decatur, for appellant.
Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for appellee.

On Application for Rehearing
PATTERSON, Retired Appellate Judge.
APPLICATION GRANTED; OPINION OF DECEMBER 20, 1996, WITHDRAWN; RULE 39(k) MOTION DENIED; AFFIRMED BY UNPUBLISHED MEMORANDUM.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.
BASCHAB, J., dissents with opinion.
BASCHAB, Judge (dissenting).
Because I do not believe the State gave the appellant sufficient prior notice of its intent to proceed pursuant to the Habitual Felony Offender Act ("HFOA"), I must respectfully dissent from Part V of the unpublished memorandum. Rule 26.6(b)(3)(ii), Ala. R. Crim. P., provides as follows:
"At a reasonable time prior to the [sentencing] hearing, the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed."
This rule has been held to require notice of the State's intention to invoke the HFOA at sentencing and notice of the specific prior felony convictions upon which the State intends to rely. Bogan v. State, 607 So.2d 322 (Ala.Cr.App.1992). See also Connolly v. State, 602 So.2d 452 (Ala.1992).
"The purpose of the Rule's notice and hearing requirements, where, as here, the defendant does not admit the alleged prior convictions, is to test the propriety of the enhancement of the sentence pursuant to the Act. Questions of authenticity of the record of conviction; identity of the accused; and whether the accused was represented by counsel upon his prior felony convictions, are all proper inquiries leading to the appropriate application of the Act."
Ex parte Glover, 508 So.2d 218, 220-21 (Ala.1987). Furthermore, giving prior notice will "ensure [that] the appellant has the time and opportunity to adequately prepare his case" in regard to sentencing. Nichols v. State, 629 So.2d 51, 55 (Ala.Cr. App.1993) (quoting Hollins v. State, 415 So.2d 1249, 1255 (Ala.Cr.App.1982)) (brackets in Nichols).
"[T]he statute does not set out a minimum time frame for giving notice. The rules of reasonableness, fair play, and due process apply. Within these boundaries, the circuit court must use its discretion. Connolly, supra; see also Humber v. State, 481 So.2d 452 (Ala.Cr. App.1985)."
*1118 Capps v. State, 630 So.2d 486, 489 (Ala.Cr. App.1993). See also Connolly, supra. In Bogan v. State, 607 So.2d 322 (Ala.Cr.App. 1992), we held that notice given five minutes before the sentencing hearing was unreasonable because it denied the appellant the opportunity to inquire into the prior felonies relied on by the State. Also, in Capps v. State, 630 So.2d 486 (Ala.Cr. App.1993), we noted that the fact the State gave the appellant notice of an additional prior conviction it intended to use for enhancement on the morning of the sentencing hearing could have had an effect on his sentence if the other convictions were not his or were not proved.
In this case, the State gave notice of its intent to proceed pursuant to the HFOA immediately before the sentencing hearing was to begin. The trial court gave the appellant and his counsel approximately 15 minutes to examine the prior convictions. Before the sentencing hearing began, the following exchange occurred:
"The Court: You have had, I believe, now an opportunity to look over the State's motion with your client?
"Defense Counsel: Yes. Judge, for the record, I was provided a copy of this motion by the State about ten or fifteen minutes ago and this is the first time I have seen it. My client has asked me to request to this Court a later sentencing date to provide me an opportunity to conduct an investigation into these convictions.
"Prosecutor: Judge, our response to that would be we have the records. They are properly certified. They show three prior convictions. Of course, they were only provided fifteenthey got a copy of them fifteen minutes ago because that's about what time he was convicted.
"We don't see what need there would beif there were some objection or some denial that he had them, it would be different. But just to conduct an investigation, I don't see any reason to postpone sentencing. And we ask the Court to proceed.
"The Court: All right. I am going to overrule his request to defer sentencing. I will allow you, if he wishes to do so, to offer any evidence that you wish to offer if you have a challenge to any of these convictions.
"But the records, in and of themselves, the judgment entries and sentencing orders in each case are properly certified and, in every respect, appear to be in proper form and properly admissible. So I think where that puts you is in a situation, if he has got evidence to show that any one of these, for some reason, is invalid or something is not reflected on the face of them, he can certainly offer that.
"Defense Counsel: Yes, sir. Well, Judge, I would just say this. My client is not an attorney. He doesn't know the legal ins and outs of convictions and what not. And all I have is what the State has produced [for] me. So, based on that, Judge, with the Court's refusing to give us additional time, I don't have any evidence to present."
The trial court denied the appellant's request that the sentencing hearing be continued to allow his counsel time to investigate the prior convictions. Clearly, the appellant's counsel did not have sufficient time to conduct the type of investigation anticipated by the rules and to "adequately prepare his case" with regard to sentencing. The HFOA plays an important role in punishing recidivists. However, because its application can mandate lengthy prison sentences, adequate notice of the prior convictions to be used must be given. The State is not required to give notice of its intent to proceed under the HFOA *1119 before the accused is convicted of the substantive offense. Nevertheless, the better practice would be for the State to give notice as soon as possible after the indictment so that defense counsel can investigate the prior convictions and adequately prepare for sentencing.
The majority argues that any error in this case was not prejudicial to the appellant. Although that may be true in this case, in future cases such an error could be prejudicial to a defendant. Therefore, I must respectfully dissent.