797 So.2d 1123 (2000)
William CREWS
v.
STATE.
CR-95-1150.
Court of Criminal Appeals of Alabama.
April 28, 2000.
Opinion on Return to Remand August 25, 2000.
Opinion Denying Rehearing December 1, 2000.
Certiorari Denied February 9, 2001.
*1124 Timothy Kyle, Decatur, for appellant.
Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for appellee.
Alabama Supreme Court 1000530.

On Remand from the Alabama Supreme Court
PATTERSON, Retired Appellate Judge.
On the authority of Ex parte Crews, 797 So.2d 1119 (Ala.2000), this case is remanded to the circuit court for further proceedings consistent with that opinion.
REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., Concur.

On Return to Remand
PATTERSON, Retired Appellate Judge.
Williams Crews was convicted of burglary in the first degree, robbery in the first degree, and robbery in the third degree. He was sentenced, as an habitual offender, to two concurrent terms of life imprisonment without the possibility of parole for his convictions for burglary in the first degree and robbery in the first degree and to 15 years' imprisonment for his conviction of robbery in the third degree. This court affirmed the convictions and sentences by an unpublished memorandum (with a dissenting opinion by Judge Baschab). Crews v. State, 797 So.2d 1117 (Ala.Crim.App.1997). The Alabama Supreme Court affirmed Crews's convictions, but reversed as to his sentences and remanded the case. Ex parte Crews, 797 So.2d 1119 (Ala.2000). The Supreme Court held that, under the circumstances presented, the State had failed to give Crews reasonable notice that it intended to invoke the Habitual Felony Offender Act ("HFOA"). On the authority of Ex parte Crews, we remanded the case to the trial court for a new sentencing hearing, Crews v. State, 797 So.2d 1123 (Ala.Crim.App. 2000). On June 23, 2000, the trial court submitted a return to remand to this court.
The return to remand shows that on May 11, 2000, the trial court set a resentencing hearing for May 30, 2000. On that date, Crews, represented by appointed counsel, was present at the hearing. The *1125 trial court found that Crews had three prior felony convictions, and it resentenced Crews to two terms of life imprisonment without the possibility of parole for his convictions for burglary in the first degree and robbery in the first degree and to 15 years' imprisonment for his conviction for robbery in the third degree. The trial court further ordered that the three sentences were to be served concurrently.
No other issues have been submitted to this court; therefore, Crews's sentences are due to be, and are hereby, affirmed.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

On Application for Rehearing
PATTERSON, Retired Appellate Judge.
William Crews was convicted of burglary in the first degree, robbery in the first degree, and robbery in the third degree. He appealed. This court affirmed the convictions and sentences by an unpublished memorandum (with a dissenting opinion by Judge Baschab). Crews v. State, 797 So.2d 1117 (Ala.Crim.App.1997). The Alabama Supreme Court affirmed Crews's convictions, but reversed as to his sentences and remanded the case. Ex parte Crews, 797 So.2d 1119 (Ala.2000). We, in turn, remanded the case to the trial court for a new sentencing hearing. Crews v. State, 797 So.2d 1123 (Ala.Crim.App.2000). On June 23, 2000, the trial court submitted a return to remand to this court, and on August 25, 2000, we affirmed the sentences.
On application for rehearing, Crews contends that the records reflecting the three prior felony convictions used to enhance his sentence pursuant to the Alabama Habitual Felony Offender Act were not properly authenticated and that, therefore, they were inadmissible as evidence. The records, consisting of sentencing orders (CC-89-101, CC-91-109, and CC-91-110) and case action summary sheets (CC-91-109 and CC-91-110), were certified by the clerk of the circuit court in which those convictions were obtained. Crews argues that the copies were not properly authenticated because they do not reflect that the circuit clerk who certified the records was the lawful custodian of the original documents.
The certifications, in pertinent part, state as follows:
"I certify this to be a true and correct copy of the original, which is on file and enrolled in my office in Clayton or Eufaula, Barbour County, Alabama.
"Witness my hand and seal this 10[th] day of April 1995.
 "[s/]David S. Nix
 "David S. Nix, Clerk"
The certifications meet the requirements of Rule 902, Alabama Rules of Evidence. Moreover, although the certifications do not state that the circuit clerk was the lawful custodian of the records that were certified, § 12-17-94(a)(3) charges the circuit clerk with the duty to "keep all papers, books, dockets, and records belonging to their office." In other words, the statute mandates that the circuit clerk be custodian of the records of the court. See Tidwell v. State, 41 Ala.App. 296, 299, 130 So.2d 206, 208 (1961) ("The circuit clerk is the custodian of the books and records of the court. T. 13, § 198 [the precursor to § 12-17-94]."). Alabama courts take judicial notice of Alabama statutory *1126 law. 2 C. Gamble, McElroy's Alabama Evidence § 482.01(2) (5th ed.1996). Thus, this issue is without merit.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
APPLICATION FOR REHEARING DENIED; OPINION EXTENDED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.