Appellant, Sylvester Jackson, Jr., was convicted of attempted murder; promoting prison contraband, first degree; and two counts of assault, second degree. Appellant was sentenced to life without parole on the attempted murder count and was sentenced to life sentences for each of the other counts.
On April 12, 1986, appellant was an inmate at the Escambia County Jail in Brewton, Alabama. At approximately 5:30 p.m. a disturbance erupted at the jail. Deputy Scobie Lynn Wilcoxon and trusties Terry Wayne Chandler and Richard Dewayne Adams went to the dayroom where they confronted appellant and other prisoners who refused to return to their cells as ordered.
Deputy Wilcoxon grabbed appellant in an effort to take him to his cell, and a fight ensued between the two. Adams and Chandler went to the assistance of Wilcoxon and the three placed the appellant in a cell. Adams testified that after he grabbed the appellant, he felt himself being cut. He further testified that as the appellant was being placed in the cell, he saw in the appellant's hand a razor blade on a light blue handle. In the struggle Adams, Chandler and Wilcoxon were cut. A later search of appellant's cell revealed a weapon which had been made by melting the end of a light blue toothbrush and attaching a razor to it.
From his conviction the appellant appeals, raising the following issues:
 I
The appellant contends that black jurors were systematically and arbitrarily struck from the jury. A review of the record reveals that this issue has been raised for the first time on appeal. Consequently, the issue has not been properly preserved for appellate review, and we are *Page 754 
unable to address it. See Edwards v. State, 515 So.2d 86
(Ala.Cr.App. 1987); Sashner v. State, 500 So.2d 1322
(Ala.Cr.App. 1986).
 II
Appellant contends that there was insufficient evidence to support the charge of attempted murder of Scobie Lynn Wilcoxon and that the trial court erred when it refused to grant his motion for judgment of acquittal as to that count. He argues specifically that the weapon made from the razor blade was not a deadly weapon as defined by § 13A-1-2(11), Code of Alabama 1975. He further contends that because none of Wilcoxon's wounds were permanently disabling or life threatening he cannot be found guilty of attempted murder.
Appellant's contention that the razor blade weapon was not a deadly weapon is ludicrous. Section 13A-1-2(11) defines a deadly weapon as follows:
 "Deadly weapon. A firearm or anything manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury, and such term includes, but is not limited to, a pistol, rifle or shotgun; or a switchblade knife, gravity knife, stiletto, sword or dagger; or any billy, black-jack, bludgeon or metal knuckles." (Emphasis added.)
Certainly the weapon used by the appellant can be characterized as "manifestly designed, made or adapted for the purposes of inflicting death or serious physical injury."
Appellant is incorrect in his contention that the wounds suffered by Wilcoxon had to be permanently disabling or life threatening to support a charge of attempted murder. Section13A-4-2, Code of Alabama 1975 provides, as follows:
 "(a) A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.
 "(b) It is no defense under this section that the offense charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the defendant believed them to be."
Wilcoxon was wearing a bulletproof flak jacket at the time of the incident, which he testified was designed to stop all smaller caliber bullets up to and including a 12-gauge shotgun slug. During the fight appellant used such force in his attempt to cut Wilcoxon that he at one location cut completely through three to four layers of the vest for six to eight inches and at another location cut through five to six layers of material for three inches. Wilcoxon was cut six times in the struggle. Had he not been wearing the flak jacket he could easily have been killed. Appellant's offense qualifies as an attempt under §13A-4-2, Code of Alabama 1975. The trial court did not err in refusing appellant's motion for judgment of acquittal on the attempted murder count.
 III
Appellant contends that the trial court erred in refusing to grant a judgment of acquittal as to counts three and four of the indictment, under which he was found guilty of the second degree assault as to Adams and Chandler. He further contends that the trial court erred in refusing to grant his motion for judgment of acquittal as to count five of the indictment, which charged him with promoting prison contraband.
Appellant contends that his motion for judgment of acquittal as to the second degree assault charges should have been granted because, he says, there was no evidence that Adams and Chandler suffered "serious physical injury" and because there was no evidence that the weapon was deadly or dangerous. We have already addressed his argument concerning the weapon and have found it to be a deadly weapon. The appellant's assertion that it must be proven that Adams and Chandler suffered "serious physical injury" is incorrect. Section 13A-6-21
provides, as follows: *Page 755 
 "(a) A person commits the crime of assault in the second degree if:
". . . .
 "(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. . . ."
Pursuant to this section it is not necessary that the prosecution prove that the victim suffered "serious physical injury." Instead, the prosecution need only prove that the victim suffered "physical injury" where a deadly weapon is used to accomplish the attack. That was clearly proven in this case. Consequently, the trial court did not err in refusing to grant appellant's motion for judgment of acquittal as to counts three and four of the indictment.
With regard to count five, promoting prison contraband, appellant contends that he possessed nothing which he was legally prohibited from possessing.
Section 13A-10-30(b)(4) defines contraband as "[a]ny article or thing which a person confined in a detention facility is legally prohibited from obtaining or possessing bystatute, rule, regulation or order." (Emphasis added.) Section13A-10-36 provides as follows:
 "(a) A person is guilty of promoting prison contraband in the first degree if:
 "(1) He intentionally and unlawfully introduces within a detention facility, or provides an inmate with, any deadly weapon, instrument, tool or other thing which may be useful for escape;
 "(2) Being a person confined in a detention facility, he intentionally and unlawfully makes, obtains or possesses any deadly weapon, instrument, tool or other thing which may be useful for escape.
 "(b) Promoting prison contraband in the first degree is a Class C felony."
At the very least it was proven that appellant possessed a deadly weapon that certainly would be useful in an escape attempt. His argument that he was not prohibited from possessing the components of the weapon is without merit, as his combination of those components clearly formed a deadly weapon. The trial court therefore did not err in refusing to grant appellant's motion for judgment of acquittal as to count five.
 IV
Appellant contends that the trial court erred in allowing the introduction of the razor weapon used in the attack, over his objection. He contends that because the weapon was not found on his person, but instead was found hidden over a light in the cell in which he was placed after the attack, there was insufficient proof that the weapon was in his possession.
Before the weapon was offered into evidence, the prosecution questioned Adams about the weapon as follows:
"Q. I ask you, Mr. Adams, can you identify this?
(Instrument handed to the witness by counsel.)
"A. Yes, sir.
 "Q. All right, sir. Would you tell the court what that is, the best you can describe?
 "A. It's a knife made from a razor blade and a toothbrush they furnish at the county jail. I guess it's the toothbrush they furnish at the county jail.
 "Q. Is that the same weapon you saw Sylvester Jackson have?
"A. Yes, sir, it is. I saw it.
"Q. No question about that?
"A. No question about it."
In view of this testimony, we find that the weapon was properly traced to the possession of the appellant before its introduction. Its relevance was thereby established. The trial court did not err in admitting the weapon into evidence over appellant's objection.
 V
Appellant contends that the trial court erred in refusing certain of his requested charges. We have reviewed the record and find that appellant raised no objection to the trial court's refusal to give these charges. In the absence of an objection stating grounds, nothing is preserved for appellate review. Allen v. State, *Page 756 414 So.2d 989 (Ala.Cr.App. 1981), aff'd, 414 So.2d 993 (Ala. 1982).
 VI
Appellant contends that the State failed to give adequate advance notice of which prior convictions of appellant it would rely on. This notice is required before his sentencing hearing. Rule 6(b)(3)(ii), Alabama Temporary Rules of Criminal Procedure. Prior to sentencing, the following colloquy between Assistant District Attorney Price, defense counsel Lovelace, and the court took place:
"THE COURT: Are you ready for sentencing?
"MR. LOVELACE: Yes, sir.
"SENTENCING
 "THE COURT: Are you asking the court to admit these?
"MR. PRICE: Yes, sir.
"THE COURT: Have you seen these?
 "MR. LOVELACE: Yes, Your Honor, we have and we object to the introduction on the grounds that they are not properly certified minute entries of the convictions, as to each of them separately and severally.
 "MR. PRICE: Your Honor, the certification of the clerk's office in that particular county appears either on the back of each one of those, some several different felony convictions I think arising out of Choctaw County and upon scrutiny shows that defendant in fact was represented by counsel in each of those cases.
"THE COURT: All right. I'll let them go in."
The appellant, as set forth above, did raise an objection to the introduction of his prior convictions, but not on the grounds of Rule 6(b)(3)(ii) which he now asserts. Appellant's counsel, in fact, answered in the affirmative when the trial court inquired if he was ready for sentencing. The appellant therefore waived any defect in the notice. Garrett v. State,480 So.2d 58 (Ala.Cr.App. 1985).
 VII
Appellant argues that the court erred in allowing into evidence case action summaries as proof of prior convictions for the purpose of enhancing punishment under the Habitual Felony Offender Act.
Although the State argues that this allegation has not been preserved for appellate review, we must hold otherwise. Appellant's defense counsel clearly objected to the introduction of his client's prior convictions on the grounds that they were not properly certified minute entries of the convictions. Therefore, this issue has been preserved for our review.
For purposes of proving convictions by a circuit court when applying the Habitual Felony Offender Act, it is the minute book, not the case action summary, which is the official record of that conviction, except where this rule has been changed by local act. Harrison v. State, 465 So.2d 475 (Ala.Cr.App. 1985).
Act No. 1037, Acts of Alabama 1971, allows the substitution of case action summaries for minute entries only in counties with a population of at least 500,000. We take judicial notice of the fact that the population of Choctaw County is less than 500,000. Therefore, the use of case action summaries from Choctaw County to prove prior convictions against appellant was improper, and his objection should have been sustained.
In light of the fact that the appellant waived any failure to comply with the notice requirement, we hold that the recent decisions in Ex parte Glover, 508 So.2d 218 (Ala. 1987), and Exparte Williams, 510 So.2d 135 (Ala. 1987), do not prevent the trial court from receiving additional evidence regarding any prior convictions for which the appellant has already received notice.
Based on the foregoing, the case is due to be, and it is hereby, remanded for a new sentencing hearing in which the state must properly prove any prior felony convictions committed by the appellant. Upon completion of the sentencing hearing, due remand is to be made to this court. *Page 757 
CONVICTIONS AFFIRMED; REMANDED WITH DIRECTIONS AS TO SENTENCING.
All the Judges concur.