ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Sylvester Jackson, was convicted of attempted murder, two counts *595 of assault in the second degree, and promoting prison contraband in the first degree. He was sentenced to one term of life in prison without parole and three terms of life in prison. He appealed the above convictions to this court, and we remanded to the circuit court for a new sentencing hearing. 566 So.2d 752. The appellant was resentenced and once again appealed to this court. We held that his prior felony convictions from Washington County could not be used under the provisions of the Habitual Felony Offender Act, because the state had not proven those convictions. 566 So.2d 757. The Supreme Court of Alabama granted certiorari and held that the Washington County convictions could be used so long as the state gave proper notice to the appellant of its intention to use the convictions for enhancement purposes. 566 So.2d 758. This case was thereafter remanded for another sentencing hearing. 566 So.2d 760.
In August 1990, a hearing was held wherein the state introduced certified copies of all five of the appellant’s Washington County convictions. At this sentencing hearing, the appellant claimed that he was not the person named in the certified records and introduced an affidavit from the Department of Corrections showing that there were three other Sylvester Jack-sons incarcerated within the state. The trial court continued the hearing to give the state an opportunity to rebut Jackson’s claim.
On November 1, 1990, the sentencing hearing resumed, and the state offered proof that the person convicted of the five felonies in Washington County, Alabama, was, in fact, the appellant. The circuit court found that the state had met its burden of proof, and the appellant was sentenced under the Habitual Felony Offender Act.
The appellant contends that the state’s evidence was insufficient to prove that he was a habitual offender and that the trial court abused its discretion by continuing the sentencing hearing to allow the state to present additional proof.
The state proved the appellant’s pri- or felony convictions by producing certified copies of those convictions. Moreover, the appellant’s identity was established by means of fingerprint and other evidence. The evidence was sufficient to show that the appellant was indeed the Sylvester Jackson who had had five prior felony convictions from Washington County, Alabama.
Rule 6(b)(3)(iii), A.R.Crim.P.Temp., clearly allows the trial judge the discretion to allow the state additional time and the opportunity to present additional evidence under certain circumstances:
“At the hearing the burden of proof shall be on the State to show that the defendant has been convicted of a previous felony or previous felonies. Disputed facts shall be determined by the court by a preponderance of the evidence. Evidence may be presented by both the State and the defendant as to any matter the court deems relevant to the application of the law. The State or the court may examine the defendant under oath at the hearing as to relevant matters. If at the hearing the defendant disputes any conviction presented by the State, the court may allow the State to present additional evidence of the disputed conviction, either by way of rebuttal or at a future time to be set by the court.” (Emphasis added.)
The conduct of this hearing conformed in every way to the applicable law, and the circuit court’s action is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.