602 So.2d 452 (1992)
Ex parte State of Alabama.
(Re Rodney CONNOLLY
v.
STATE).
1901561.
Supreme Court of Alabama.
May 22, 1992.
*453 James H. Evans, Atty. Gen., and Robert E. Lusk, Jr., Asst. Atty. Gen., for petitioner.
Elizabeth H. Shaw of Rives & Peterson, Birmingham, for respondent.
ALMON, Justice.
The trial court sentenced James Rodney Connolly to life imprisonment without parole. This sentence was mandatory because the State had invoked the Habitual Felony Offender Act ("HFOA"), Ala.Code 1975, § 13A-5-9, and had proved, to the trial court's satisfaction, that Connolly had been convicted of three prior felonies. The Court of Criminal Appeals reversed the judgment and ordered the sentence reduced to life imprisonment because the State could not prove that it had notified Connolly of the three prior felonies at a previous sentencing hearing. This Court granted the State's petition for a writ of certiorari to review the Court of Criminal Appeals' decision relating to the notice requirements of the HFOA.
Initially, Connolly was indicted and charged with capital murder (Ala.Code 1975, § 13A-5-40(a)(2), murder during robbery). He was convicted and sentenced to life imprisonment without parole. On appeal, the Court of Criminal Appeals reversed the conviction because the trial court had failed to instruct the jury on the lesser included offense of murder. Connolly v. State, 500 So.2d 57 (Ala.Crim.App. 1985), aff'd, 500 So.2d 68 (Ala.1986). Connolly was then tried for and convicted of the theft of the victim's car. After his theft conviction, Connolly was retried on the original capital murder charge and was convicted of murder. Prior to this second trial for capital murder, the State notified Connolly that if he was convicted the State intended to proceed under the HFOA. At the sentencing hearing following this second trial, the State relied on two of Connolly's previous felony convictions. As a habitual offender with two prior felony convictions, Connolly was sentenced to life imprisonment. During the second trial, Connolly had admitted the commission of several other prior felonies including one in *454 Oklahoma, theft of an automobile. The Court of Criminal Appeals reversed this second conviction because the theft conviction barred his prosecution for capital murder (murder during robbery) under the principle of former jeopardy. Connolly v. State, 539 So.2d 436 (Ala.Crim.App.1988).
Following the Court of Criminal Appeals' second reversal, Connolly was tried again and was convicted of murder. Prior to this third trial, the State notified Connolly of its intention to proceed under the HFOA and to prove the two prior felony convictions used after the second capital murder trial and a conviction for the previous Oklahoma felony that Connolly had admitted to during the second trial. Proof of a third previous felony conviction would require the trial court to sentence Connolly to life imprisonment without parole. Ala.Code 1975, § 13A-5-9(c). After the third trial ended in a murder conviction, Connolly was sentenced as a habitual offender with three prior felony convictions to life imprisonment without parole. On appeal, the Court of Criminal Appeals affirmed the murder conviction, but remanded the case to the trial court with directions that "[Connolly's] sentence of life imprisonment without the possibility of parole be reduced to life imprisonment, unless the State could show that [Connolly] was given proper notice of all three convictions before both the second and third sentence hearings." The State was unable to comply with the Court of Criminal Appeals' directions on remand because, at the time of the second sentencing, it could prove only two of the three alleged prior felony convictions. Connolly v. State, 602 So.2d 443 (Ala.Crim.App.1990). The trial court sentenced Connolly to life imprisonment, and on return to remand the Court of Criminal Appeals affirmed both his conviction for murder and the sentence of life imprisonment. Connolly v. State, 602 So.2d at 452 (Ala.Crim.App.1990).
The HFOA requires enhanced punishment for repeat felony offenders. Ala.Code 1975, § 13A-5-9. See, e.g., McLester v. Smith, 802 F.2d 1330 (11th Cir.1986). For the HFOA to apply to a particular sentencing, the State must give reasonable notice, prior to the sentencing hearing, of the State's intention to proceed under the HFOA. Rule 26.6(b)(3), Ala. R.Crim.P. (formerly Temp. Rule 6(b)(3)(ii), Ala.R.Crim.P.). Written notice is not required; oral notice will suffice. Garrett v. State, 480 So.2d 58 (Ala.Crim.App.1985). Determination of the "reasonableness" of the notice period is left to the trial judge's discretion, because the trial judge is present and is familiar with the circumstances of the case. Humber v. State, 481 So.2d 452 (Ala.Crim.App.1985). The notice requirement is eliminated when during the trial the defendant admits the previous felony conviction. Petite v. State, 520 So.2d 207 (Ala.Crim.App.1987).
More importantly, this Court has held that "the State may use at a second sentencing hearing convictions other than those it used at the first hearing, provided that proper notice has been given both times." State v. Jackson, 566 So.2d 758, 760 (Ala.1990) (emphasis in original). This requires only that the defendant be notified before each sentencing hearing that the HFOA will be applied and what convictions the State will attempt to prove. It does not require that notice of the same convictions be given "both times."
In Jackson, the State invoked the HFOA and attempted to prove that Jackson had been previously convicted of two felonies in Choctaw County, Alabama. Because the State's proof of the two previous Choctaw felonies was defective, the Court of Criminal Appeals set aside the sentence and remanded the case for a new sentencing hearing. Jackson v. State, 566 So.2d 752 (Ala.Crim.App.1987), cert. denied, 566 So.2d 757 (Ala.1988). At this second sentencing hearing, the State invoked the HFOA and proved five previous felony convictions from Washington County, Alabama. On return to remand, the Court of Criminal Appeals held that the trial court could not consider previous felony convictions other than those that the State had attempted to prove at the previous sentencing hearing. Id. at 758.
This Court granted the State's petition for certiorari and reversed the judgment of *455 the Court of Criminal appeals. In doing so, this Court stated:
"The State correctly points out that [Ex parte] Glover [, 508 So.2d 218 (Ala. 1980),] and [Ex parte] Williams [, 510 So.2d 135 (Ala.1987),] stand for the proposition that the Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing; but those cases have nothing to do with what convictions the State can or cannot attempt to use at a later sentencing hearing. Indeed, Hinton v. State, 473 So.2d 1125 (Ala.1985), and Porter v. State, 505 So.2d 1292 (Ala. Cr.App.1986), both stand for the proposition that the State may use at a second sentencing hearing convictions other than those it used at the first hearing, provided that proper notice had been given both times, as it was here.
"There is a clear conflict here between the opinion of the Court of Criminal Appeals and the prior opinions in Hinton and Porter, and we conclude that the Court of Criminal Appeals has misinterpreted Glover and Williams. Therefore, we reverse the judgment of the Court of Criminal Appeals insofar as it holds that the Washington County convictions, of which the defendant had proper notice, cannot be used in the next sentence hearing, and we remand this cause so that court may order a new sentencing hearing consistent with this opinion. Because the trial court was without jurisdiction to sentence the defendant at the second sentencing hearing, the State should again give the defendant notice of the convictions it intends to use at this third sentencing hearing, so that the defendant, the trial court, and any reviewing court may know just which convictions are going to be used under the provisions of the Habitual Felony Offender Act."
State v. Jackson, 566 So.2d at 760. (Emphasis in original.)
In the present case, the Court of Criminal Appeals cited State v. Jackson, supra, but nevertheless held that "the State may use at the second [or subsequent] sentencing only those prior felony convictions of which the defendant was given proper notice before the first sentencing." As in State v. Jackson, supra, we reverse the judgment of the Court of Criminal Appeals.
To enhance a defendant's sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing. If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing. In other words, the State at any sentencing hearing can attempt to prove all of the defendant's previous felony convictions of which it is aware. The State's failure to offer certain felonies as the basis for HFOA sentence enhancement does not prevent the State's offer of those felonies at any subsequent sentencing hearing. Where the State, between sentencing hearings, learns of previous felony convictions, it is under a duty to attempt to prove them at the subsequent sentencing hearing.
Connolly argues that this Court should affirm the judgment of the Court of Criminal Appeals. He argues that allowing the State to attempt to prove other felonies, so as to invoke a harsher sentence, would produce a "chilling effect" on the defendant's right to appeal. He argues that allowing the State to prove additional felonies will allow the State to be vindictive. Connolly also cites the prohibition against double jeopardy. These arguments, made in the context of harsher sentences following a criminal defendant's successful appeal, were addressed by the United States Supreme Court in Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 *456 (1986), and Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).
In both of those cases the Supreme Court applied the following rule from North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969):
"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear."
395 U.S. at 725-26, 89 S.Ct. at 2080-81, 23 L.Ed.2d at 669-70.
In McCullough, supra, the United States Supreme Court also stated that "[w]here the prophylactic rule of Pearce does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." McCullough, 475 U.S. at 138, 106 S.Ct. at 979, 89 L.Ed.2d at 111 (citation omitted).
Applying these rules in McCullough, the United States Supreme Court held that a harsher sentence was justified after the trial judge's grant of a new trial. The harsher sentence was acceptable because the jury had imposed the first sentence and the judge imposed the second. The judge supported the harsher sentence by relying on evidence that had not been before the sentencing jury. In Alabama v. Smith, supra, the Supreme Court affirmed Smith's harsher sentence imposed after Smith had successfully challenged his original plea of guilty. The harsher sentence was affirmed because more information was available to the judge after a full trial than when Smith had pleaded guilty. The Supreme Court also recognized the criminal defendant's guilty plea as consideration supporting the prosecutor's recommendation of leniency.
In the present case, Connolly, during the second trial, admitted the commission of a felony in Oklahoma. Before the third trial, the State informed Connolly that if he was convicted again, it would proceed under the HFOA and attempt to prove three previous felony convictions, one of these being a conviction based on the Oklahoma felony that Connolly had admitted during the second trial. At the sentencing hearing following the Court of Criminal Appeal's remand, Connolly's lawyer argued that the State's attempt to prove three felonies rather than only two was vindictive. Connolly's lawyer argues that the State, at the time of the sentencing hearing following the second trial, was aware of the Oklahoma conviction, and he argues that the State cannot prove it at this last sentencing hearing because it failed to do so after the second trial.
When the jury returned its verdict in the second trial, Connolly waived the pre-sentence investigation report and the sentencing hearing, and he was sentenced on the same day that the jury returned its verdict. Although the State ordinarily should attempt to prove all felony convictions of which it has knowledge and may request a continuance to prepare, Rule 26.6(b)(3), Ala. R.Crim.P., the facts of this case do not support Connolly's claim of vindictiveness. Because of Connolly's waiver and the immediate sentencing after the second trial, the State's failure to inquire further and attempt to prove a conviction for the Oklahoma felony that Connolly had admitted during that trial or to request a continuance to prepare evidence of a conviction for the Oklahoma felony does not support Connolly's claim that the State was vindictive in proving that conviction at the third sentencing hearing.
Connolly also argues that the State failed to prove a prior conviction in Oklahoma because the evidence showed only that he had pled guilty in Oklahoma and that judgment and sentencing had been deferred to *457 a later date. Because this case must be reversed in regard to the notice aspect of the HFOA, we simply observe that the Court of Criminal Appeals properly referred to Rule 26.1(a)(1) for the definition of a "judgment," and that a "conviction" is an adjudication of guilt. See Summerhill v. State, 436 So.2d 2, 5 (Ala.Crim.App. 1983).
For the reasons stated, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded.
REVERSED AND REMANDED.
All of the Justices concur.