607 So.2d 322 (1992)
Freddie M. BOGAN
v.
STATE.
CR-91-713.
Court of Criminal Appeals of Alabama.
July 24, 1992.
Rehearing Denied September 18, 1992.
Certiorari Denied November 20, 1992.
*323 Harold L. Wilson, Hayneville, for appellant.
James H. Evans, Atty. Gen., and Margaret S. Childers, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1911998.
TAYLOR, Judge.
The appellant, Freddie M. Bogan, was convicted of first degree assault. He was sentenced to 20 years in the penitentiary.

I
The appellant contends that the trial court erred by not instructing the jury on the lesser included offense of third degree assault.
"No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."
Rule 21.2, A.R.Crim.P.
In this case, appellant's counsel never objected to the lack of instruction on the lesser included offense after the court's instructions and before the jury retired. In fact, the only objection to the jury charge was that the court failed to instruct the jury on self-defense. Any issue concerning the failure of the court to give an instruction on a lesser included offense is not preserved for our consideration because no objection was made. Cox v. State, 500 So.2d 1296, 1299 (Ala.Cr.App.1986).

II
The appellant next contends that the trial court erred by allowing photographs of the victim before the assault and after the assault to be received into evidence, because, he argues, the photographs were inflammatory and prejudiced him in the eyes of the jury. The photographs showed the change in the victim's physical condition as a result of the shooting. The victim sustained a bullet wound to the chest area. He is still alive, but as a result of this injury, he lost the ability to function intelligently and the ability to move, and *324 will require 24-hour care for the remainder of his life.
As a general rule, photographs may be received into evidence if they tend to prove or illustrate some relevant fact or evidence, even though they are cumulative and based on undisputed matters. Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App.1985), aff'd, 494 So.2d 154 (Ala.1986), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). The fact that photographs are unpleasant or gruesome is no reason to exclude them if they are relevanteven if they tend inflame the jury. 494 So.2d at 141.

III
Last, the appellant contends that the trial court erred by sentencing him as a habitual offender. The record shows, however, that the court chose not to sentence him as a habitual offender.
At the sentencing hearing, the appellant objected to the fact that the state had not given notice of its intent to invoke the Habitual Felony Offender Act (HFOA). After a hearing, the judge stated in the record that he was not sentencing the appellant as a habitual felony offender, even though, at the sentencing hearing, the appellant admitted to having a prior felony conviction.
As this court has recently stated, the application of the HFOA, § 13A-5-9, Code of Alabama 1975, is not discretionary but mandatory. That section provides:
"(a) In all cases when it is shown that a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony, he must be punished as follows:
"(1) On conviction of a Class C felony, he must be punished for a Class B felony;
"(2) On conviction of a Class B felony, he must be punished for a Class A felony;
"(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.
"(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
"(1) On conviction of a Class C felony, he must be punished for a Class A felony;
"(2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years;
"(3) On conviction of a Class A felony, he must be punished by imprisonment for life or for any term of not less than 99 years.
"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
"(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years;
"(2) On conviction for a Class B felony, he must be punished by imprisonment for life in the penitentiary;
"(3) On conviction for a Class A felony, he must be punished by imprisonment for life without parole."
(Emphasis added.)
The Alabama Supreme Court recently stated in Connolly v. State, 602 So.2d 452 (Ala.1992), that a habitual felon must be given notice of two things with respect to sentencing. He must be given notice of the state's intention to invoke the HFOA at sentencing and notice of the specific prior felony convictions on which the state relies.
Counsel for the appellant objected at the sentencing hearing that reasonable notice had not been given of the state's intention to invoke the HFOA, arguing that no notice was given until 5 minutes before the sentencing hearing. Five minutes' notice of the state's intention to invoke the HFOA denies the appellant the opportunity to inquire *325 into the prior felonies relied on by the state. This is not reasonable notice as mandated by the Alabama Supreme Court in Connolly. The issue here is whether the provisions of § 13A-5-9 may be avoided by putting the defendant on the witness stand at the sentencing hearing and extracting from him admissions of his prior felonies. The Alabama Supreme Court and our Rules of Criminal Procedure require reasonable notice of which specific felonies the state will rely upon when invoking the HFOA. Connolly; Rule 26.6(b)(3), Ala. R.Crim.P.
The appellant, testifying at the sentencing hearing, admitted during cross-examination that he had a prior felony conviction. We note that "[t]he notice requirement is eliminated when during the trial the defendant admits the previous felony conviction. Petite v. State, 520 So.2d 207 (Ala. Crim.App.1987)." Connolly, (emphasis added). In this case, an objection was already made that reasonable notice was not given. The state cannot evade the notice requirement by getting the appellant to admit prior felonies at the sentencing hearing. The trial court refused to sentence the appellant as a habitual offender because the state did not prove at the sentencing hearing that the appellant was given reasonable notice of the state's intention to invoke the HFOA at sentencing. The actions of the trial court were consistent with Connolly. Because the appellant was not given reasonable notice of the state's intention to proceed under the HFOA, we affirm.
AFFIRMED.
All the Judges concur, except MONTIEL, J., who dissents with opinion.
MONTIEL, Judge, dissenting.
For the reasons stated below, I respectfully dissent from the holding in this case.
In Rickett v. Jones, 901 F.2d 1058, 1067 (11th Cir.1990), the United States Court of Appeals for the Eleventh Circuit in commenting on the State of Alabama's failure to mandatorily sentence all persons with prior felonies under its Habitual Felony Offender Act issued the following warning:
The "State of Alabama should be placed on notice that it may not continue to administer the HFOA in a careless and haphazard fashion." This warning, however, was not an isolated, first time event. The Eleventh Circuit a few years prior to Rickett had warned the State that "[s]ince the HFOA is mandatory, the State of Alabama has a serious problem regarding its recidivist statute that we will be requested to address in some other case." McLester v. Smith, 802 F.2d 1330, 1333 n. 2 (11th Cir. 1986).
Although I agree with the majority that the State failed to give Bogan adequate notice of its intention to invoke the HFOA as mandated by the Alabama Supreme Court in Connolly v. State, 602 So.2d 452 (Ala.1992), unfortunately, this court's decision to simply affirm the trial court's refusal to sentence Bogan under the HFOA exemplifies the problem outlined by the Eleventh Circuit in Rickett and McLester.
Since the HFOA is mandatory and not discretionary under § 13A-5-9, Code of Alabama 1975, and due to my concern that our failure to apply the HFOA with uniformity will lead to disparate treatment violations of the United States Constitution, I submit that the decision of the trial court should be remanded for a new sentencing of Bogan under the Habitual Felony Offender Act after adequate notice has been given by the State of Alabama.