TAYLOR, Judge,
dissenting.
It is necessary for me to dissent from the unpublished memorandum in this case for the same reasons the Alabama Supreme Court recently stated in Connolly v. State, 602 So.2d 452 (Ala.1992). Here, the petitioner argues, among several contentions, that he was not given notice of the state’s intention to invoke the Habitual Felony Offender Act (HFOA) at sentencing. The majority concludes that this issue could have been raised on direct appeal and is therefore precluded from our consideration under Rule 32.2(a)(5), A.R.Crim.P.
As the Alabama Supreme Court stated in Connolly, the state’s failure to give notice of its intent to proceed under the HFOA results in an illegal and unauthorized sentence if the sentence is enhanced pursuant to the HFOA. “[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve *75 that issue for appellate review.” Ex parte Brannon, 547 So.2d 68 (Ala.1989). It would logically follow that the petitioner’s failure to present on direct appeal his argument concerning insufficient notice of the state’s intent to proceed under the HFOA would not preclude this argument from consideration in a Rule 32 proceeding.
Likewise, “a petition for post-conviction relief arguing the illegality of the petitioner’s sentence is ‘ “meritorious on its face” and should not [be] denied without a consideration on its merits’ despite the petitioner’s failure to present the issue at trial [or] on direct appeal....” Nicastro v. State, [Ms. 91-861, July 24, 1992] — So.2d - (Ala.Cr.App.1992), quoting Anderson v. State, 546 So.2d 1013, 1014 (Ala.Cr.App.1989).
The trial court should have considered the issue of whether the appellant was given notice of the state’s intent to invoke the HFOA at sentencing.