BOWEN, Judge.
The appellant, William Hulee, was convicted of bringing stolen property into the state in violation of Ala.Code 1975, § 13A-8-20. He was sentenced to life imprisonment as a habitual felony offender. He raises three issues on this appeal from that conviction.
I.
The appellant contends that the State did not present a prima facie case of the crime charged and that his conviction was had upon the uncorroborated testimony of an accomplice. This issue is without merit.
Without objection, the State proved that the truck was stolen in Georgia, that the original vehicle identification number (VIN) serial plate had been removed and replaced with a false VIN, that the track was registered (licensed) to the appellant, that the address on the registration was not an existing address, that the track was located on a lot where the appellant had been living, and that the appellant never explained how he obtained possession of the track. On cross-examination of Investigator Will McCarty of the Alabama Department of Public Safety, defense counsel elicited the information that Tony Lee Thomas told McCarty that the appellant stole the track in Georgia. R. 39, 40. This constitutes minimally sufficient evidence to create a reasonable inference that the appellant was responsible for actually bringing or causing the stolen track to be brought into the state. “[I]t cannot be doubted that one who steals property in another state and brings the stolen property into this state commits the offense denounced by the statute.” Whitehead v. State, 16 Ala.App. 427, 78 So. 467 (1918).
McCarty, the alleged accomplice, testified as a defense witness. There was never any objection to the sufficiency of the evidence based on the uncorroborated testimony of an accomplice. That objection has no application to the facts of this case.
II.
On September 7, 1990, the trial court denied the appellant’s pro se request for new counsel. R. 151. On September 17, 1990, appointed counsel filed a motion to withdraw, alleging that the appellant “has refused to cooperate ... [and] has filed a grievance with the Houston County Bar Association against this attorney.... This attorney does not feel that he can adequately represent the Defendant.” R. 115. That motion was denied, and trial was held on November 15, 1990. New counsel was appointed to represent the appellant on this appeal.
“The decision to remove court-appointed counsel and to appoint new counsel for an *1070 accused rests within the sound discretion of the trial court.... In order to prevail on a motion for substitution of counsel, the accused must show a demonstrated conflict of interest or the existence of an irreconcilable conflict so great that it has resulted in a total lack of communication, which will prevent the preparation of an adequate defense.”
Boldin v. State, 585 So.2d 218, 219 (Ala.Cr.App.1991). The appellant has failed to make such a showing. From the record it appears that the appellant was adequately and competently represented at trial.
III.
The appellant argues that he was not given notice of the prior convictions which would be relied upon for sentencing under the Habitual Felony Offender Act (HFOA).
Apparently, the appellant had other cases pending in circuit court and had already been sentenced as a habitual offender in at least one other case when he was scheduled for sentencing in the present case. Initially, the trial court continued sentencing when there was some dispute over whether the prosecution had given the appellant notice of its intent to proceed under the HFOA. However, on the date of sentencing, the prosecutor requested another continuance “if necessary to invoke” the HFOA. R. 2. The trial court ruled that another continuance was not necessary:
“Mr. Hulee has been represented by the same counsel in all of these cases. All of these cases are Henry County cases. Counsel for both the State and the Defense are aware that the application of the Habitual Offender Statute is mandatory and that notice as to one previous under the Habitual Offender statute is notice as to all companion cases particularly where [the] same counsel have entered in both.” R. 3.
At sentencing, defense counsel noted that he had received a copy of the presentence report, which listed at léast eight prior felony convictions but complained that he had not been given proper notice under the HFOA.
“To enhance a defendant’s sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing.”
Connolly v. State, 602 So.2d 452 (Ala.1992) (emphasis in original). Rule 26.6(b)(3)(ii), A.R.Crim.P., requires that “[a]t a reasonable time prior to the hearing, the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed.”
We reject the principle that where a defendant is represented by the same attorney in two or more separate cases, notice in one case is sufficient for notice in another case for purposes of the HFOA. “For the HFOA to apply to a particular sentencing, the State must give reasonable notice, prior to the sentencing hearing, of the State’s intention to proceed under the HFOA.” Connolly, 602 So.2d at 454 (emphasis added).
The contention that notice in a companion case constitutes per se sufficient notice in any other case must fail. The prior convictions available for enhancement in one case are not automatically usable in any other case, even where the accused is represented by the same counsel in both prosecutions. The HFOA applies where “a criminal defendant has been previously convicted of any felony and after such conviction has committed another felony.” Ala.Code 1975, § 13A-5-9(a). Thus, a prior felony conviction from 1988 may be usable to enhance the sentence for an offense committed in 1989, but not to enhance the sentence for an offense committed in 1987. The accused is entitled to notice of the specific felonies on which the State intends to rely at that particular sentencing hearing. Connolly, supra.
“ ‘[T]he Habitual Felony Offender Act cannot be applied if the defendant was not given proper notice before the first sentencing hearing.’ Jackson v. State, 566 So.2d 758, 760 (Ala.1990); Accord, Ex parte Williams, 510 So.2d 135, 136 (Ala.1987); Ex parte Glover, 508 So.2d 218, 220 (Ala.1987).” Hayes v. State, 588 So.2d 502, 506 (Ala.Cr.App.1991). See also Bogan v. State, 607 So.2d 322 (Ala.Cr.App.1992).
*1071 This cause is remanded to the trial court with instructions that the appellant be resen-tenced as a first-time offender for the offense of bringing stolen property into this state. The appellant shall be resentenced and proper return filed in this court reflecting such action within 30 days from the date of this opinion.
REMANDED FOR PROPER SENTENCING.
All Judges concur.