On Return to Remand
On November 25, 1992, this court for the second time remanded this case to the trial court for a resentencing hearing.612 So.2d 1251 (Ala.Cr.App. 1992). We initially remanded the case on September 20, 1991, because the state had failed to prove that the conduct underlying a federal conviction for receiving and concealing a stolen motor vehicle used for enhancement purposes under the Alabama Felony Offender Act constituted a felony under Alabama law. A second sentencing hearing was held, and the state attempted again to prove the federal offense for enhancement purposes. The trial court held that the proof was sufficient and sentenced the appellant again to life imprisonment without the possibility of parole. On return to remand, we again held that the state had failed to prove that the conduct charged in the federal offense constituted a felony under Alabama law, and we remanded the case again for another sentencing hearing. At a third sentencing hearing held by the trial court, the state failed to prove the federal offense for enhancement purposes and undertook to prove other prior felony convictions, including several Alabama convictions, another federal conviction and one Louisiana conviction. The trial court, finding that the state had proven six prior felony convictions, again sentenced the appellant to life imprisonment without the possibility of parole. A return to our remand has been filed by the trial court, which includes a transcript of the sentencing proceedings. We now review the third sentencing proceedings of the trial court. The appellant has filed a brief in which he contends that the trial court committed reversible error by resentencing him as a habitual offender when he had not received notice prior to the sentencing hearing of the prior convictions upon which the state would rely for enhancement.
The rule is that the state may use, at a second sentencing hearing, convictions other than those used at the first hearing, provided that proper notice has been given prior to both hearings. Connolly v. State, 602 So.2d 452 (Ala. 1992);Jackson v. State, 566 So.2d 758 (Ala. 1990). See also A.R.Cr.P. 26.6(b)(3)(ii). *Page 1344 
"This requires only that the defendant be notified before each sentencing hearing that the HFOA [Habitual Felony Offender Act] will be applied and what convictions the State will attempt toprove." Connolly v. State, 602 So.2d at 454 (emphasis added).
The record in this case shows that the appellant was not given notice, prior to the third sentencing hearing, of the convictions the state intended to prove. At the hearing, the appellant made numerous and timely objections to the failure to give notice. This failure to give proper notice requires us again to remand this case for another sentencing hearing. Prior to that hearing, the state should give reasonable notice to the appellant of its intent to invoke the Habitual Felony Offender Act and of the prior felony convictions upon which it intends to rely.
We do not believe that the presentence report contained in the record, which lists prior convictions, amounted to sufficient notice of the of the felony convictions that the state intended to prove at the sentencing hearing. While we are aware of our holding in Nesbitt v. State, 531 So.2d 37
(Ala.Cr.App. 1987), that a defendant's receipt of a presentence report constitutes notice of the state's intent to proceed under the Habitual Felony Offender Act, we are not willing to extend that holding to allow the presentence report to supply sufficient notice of the specific prior convictions upon which the state intends to rely. While we note that the trial court indicated during the hearing that it might entertain a request for some relief for the appellant because of a lack of notice, had a request been made, we do not believe that the appellant's failure to ask for relief can be construed as a waiver of notice. We note that the appellant, personally, objected to the state's evidence of prior convictions on several occasions, stating that some of those convictions had been reversed and that he had not been represented by counsel in others. In the interest of time and to accord the appellant due process, the proper course here is to remand this case for another sentencing hearing prior to which the appellant will be given reasonable notice of the convictions that the state will attempt to prove.
REMANDED FOR SENTENCING.
BOWEN, TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents with opinion.