We granted the State's petition for certiorari review of a judgment of the Court of Criminal Appeals. Edward Louis Robinson appealed to that court from the Mobile Circuit Court's denial of his motion for relief from conviction or sentence. That court remanded for a hearing on the question whether the State had given proper notice of its intent to seek sentence enhancement under the Habitual Felony Offender Act.Robinson v. State, 629 So.2d 1 (Ala.Cr.App. 1992). We reverse and remand.
In the original action, Robinson pleaded guilty to a charge of murder, and, on April 8, 1991, was convicted. On May 23, 1991, on the basis of a prior felony conviction, he received an "enhanced" sentence of 25 years' of imprisonment, pursuant to the Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9. The Court of Criminal Appeals affirmed his conviction on October 11, 1991, by an unpublished memorandum, see 595 So.2d 924, and this Court, on April 24, 1992, having issued a writ of certiorari, quashed that writ.
On May 29, 1992, Robinson petitioned the trial court, pursuant to Ala.R.Crim.P. 32, for post-conviction relief, alleging, inter alia, that at the time of his conviction he was not given sufficient notice of the State's intention to invoke the sentence enhancement provisions of the Habitual Felony Offender Act, and that, consequently, his sentence was illegal and unauthorized by law. The trial court denied Robinson's Rule 32 petition, holding that the requested relief was barred by the "preclusion of remedy" provisions of Rule 32.2(a)(5), because Robinson had not presented the issue of inadequate notice during the direct appeal of his conviction and sentence.[1]
Robinson appealed.
The Court of Criminal Appeals remanded the case, citingConnolly v. State, 602 So.2d 452 (Ala. 1992), for the proposition that relief was not barred by Robinson's failure to raise the notice issue on direct appeal. In its petition for certiorari review, the State contends that Connolly is inapplicable, and that, instead, the disposition of this case is controlled by EX PARTE Lockett, 548 So.2d 1045 (Ala. 1989). We agree.
In Connolly, a case involving successive convictions on retrials of a felony charge, this Court held that the State's failure at one trial to notify the defendant of its intent to rely on a particular prior felony conviction at the sentencing hearing did not preclude the State from using that conviction at a sentencing hearing following a subsequent retrial, providing notice was properly given before it was used in the subsequent sentencing hearing.[2] Because the notice issue addressed in Connolly was presented through certiorari review of a judgment on direct appeal of a conviction and sentence, the ruling in Connolly in no sense implicated Rule 32, as does this case. Otherwise expressed, nothing can be inferred fromConnolly regarding the effect of the defendant's failure to present the issue of inadequate notice during his direct *Page 3 
appeal of the conviction and sentence. That precise question was, however, squarely presented in EX PARTE Lockett.
In EX PARTE Lockett, the defendant, pursuant to Ala.R.Crim.P. 20 (Temporary), the predecessor of Rule 32, sought post-conviction relief from his conviction and sentence on the ground that the State had failed to notify him properly of its intention to seek enhancement of his sentence through the use of a prior felony conviction. The State contended that Rule 20.2(a)(5) barred relief, because the defendant, although he could have done so, had failed to raise the notice issue during his direct appeal of the conviction and sentence. This Court agreed with the State, saying:
 "We hold that such a claim is properly presented in a direct appeal to the Court of Criminal Appeals. Lockett's failure to raise this issue on his appeal cannot be remedied in a Rule 20 proceeding. We must, therefore, hold that Rule 20 relief is precluded on this issue, pursuant to Rule 20.2(a)(5), and, therefore, that he was not entitled to a hearing [on his petition to the trial court for post-conviction relief]."
548 So.2d at 1048. See also EX PARTE Thomas, 549 So.2d 95 (Ala. 1989) (following EX PARTE Lockett).[3] (Note that the provisions of Temporary Rule 20.2(a)(5) now appear at Rule 32.2(a)(5).)
The issue presented here differs in no relevant respect from the one presented in EX PARTE Lockett. We hold, on the authority of that case, that Robinson's claim that the State failed to give him sufficient notice of its intention to seek enhancement of his sentence through the use of a prior felony conviction is not a proper ground for Rule 32 relief, because he failed to raise that issue in the appeal of his conviction and sentence. Rule 32.2(a)(5). Consequently, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] Rule 32.2(a) provides:
 "(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:
 "(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24; or
"(2) Which was raised or addressed at trial; or
 "(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
 "(4) Which was raised or addressed on appeal or in any previous collateral proceeding; or
 "(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."
(Emphasis added.)
[2] Connolly involved successive convictions and sentencing hearings, because the defendant twice succeeded in securing the reversal of his conviction and a retrial of the cause.
[3] Our holdings in EX PARTE Lockett and in EX PARTE Thomas
necessarily imply that such claims do not relate to the trial court's jurisdiction, and, consequently, are not excepted from Rule 32.2(a)(5) on the ground that "[t]he court was withoutjurisdiction to render judgment or to impose sentence." Rule 32.1(b) (emphasis added).