TAYLOR, Judge.
The appellant, Purtis C. Wright, was convicted of third degree robbery, a violation of § 13A-8-43. He was sentenced to 15 years in prison.
The state’s evidence tended to show that at approximately 9:15 p.m. on December 4, 1991, an attendant at a Shell gasoline service station and food market in Talladega was robbed. Patty LeAnn Smith and Lucille Waters were employees of the Shell station at the time of the robbery. Smith, the attendant on duty at the time of the robbery, testified that a man came into the station around 9:15 p.m. and asked where the Pet brand milk was located. She was leading him to the milk when he grabbed a can of potted meat and said that the meat would do. He walked to the register where Lucille Waters was working, jumped over the counter, and put his hands in the cash drawer of the register. He then hit Waters in the chest and knocked her down. Waters got up and slammed the register drawer on his hand. He then grabbed Waters by the arm, started to choke her, and pushed her out of his way. He then grabbed the money out of the register, approximately $30, and fled.
Smith and Waters described the robber to police as a slender black male, six feet tall, with crooked teeth. Within 30 minutes after the robbery, Lieutenant Edwin Jacks of the Talladega Police Department conducted a photographic lineup at which Smith, Water, and an off-duty police officer, Billy Davis, who had been present at the Shell station minutes before the robbery, were present. Both Waters and Smith identified the appellant as the robber. Davis also identified the appellant as the individual he had seen in the store moments before the robbery.
I
The appellant initially argues that the trial court erred in allowing three witnesses to make an in-court identification of the appellant because, he says, their identifications were based on an impermissibly suggestive pretrial photographic lineup. The appellant moved to exclude the identification testimony and the trial court held a hearing on the motion.
The following facts were established at the suppression hearing. Lieutenant Jacks conducted the photographic lineup. He showed eight mugshots to each witness. Each photograph was of a tall black male between the ages of 20 and 35. Each photograph was similar in appearance. Each witness separately viewed the pictures and positively identified the appellant without hesitation. We have reviewed the photographs and find nothing suggestive about the array.
“This court has previously held that pretrial identifications are to be set aside on grounds of prejudice if the pretrial identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of misidentification.”
Clements v. State, 521 So.2d 1378, 1382 (Ala.Cr.App.1988); Ex parte Stout, 547 So.2d 901, 904 (Ala.1989). There was no “substantial likelihood of misidentification” here.
The appellant also argues that the pretrial identification was tainted because, he says, Waters and Smith viewed the photographs on three occasions and the appellant’s picture was the only picture included in all three lineups. However, the record shows that the second time Waters viewed the photographs she could not make an identification and that the appellant’s photograph was not included when she viewed the photographs the second time. The first time the witnesses identified the robber, Lieutenant Jacks testified that they did so without hesitation and were positive about their identifications. The record indicates that Lieutenant Jacks did nothing to call attention to the appellant’s photograph or to coerce the witnesses into choosing the appellant’s photograph. The identification procedures were not unduly suggestive, although the appellant’s picture was included in more than one photographic *301 grouping. Ex parte Johnson, 620 So.2d 709 (Ala.1993), petition for cert. filed, 62 U.S.L.W. 3061 (U.S., July 12, 1993, No. 93-69). Cf. Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).
Furthermore, each witness testified that he or she had a basis for identifying the appellant independent of the pretrial photographic lineup. Smith testified that she observed the appellant for approximately five minutes while she was showing him where the milk was located. Waters testified that she observed him as he was robbing her. Officer Davis testified that he had noticed the appellant in the store before the robbery because he noticed that the appellant was with two teenagers who were browsing and who were not making any purchases. Each witness had ample opportunity to view the appellant. “ ‘When an in-court identification of the accused is shown to have a basis independent of any pretrial identification then it is properly admitted into evidence.’ Clements v. State, 521 So.2d 1378, 1382 (Ala.Cr.App.1988).” James v. State, 549 So.2d 562, 565 (Ala.Cr.App.1989). See also Coleman v. State, 487 So.2d 1380 (Ala.Cr.App.1986); Jackson v. State, 414 So.2d 1014 (Ala.Cr.App.1982); Matthews v. State, 401 So.2d 241 (Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala.1981). The in-court identifications by the three witnesses were correctly received into evidence.
II
The appellant next argues that the trial court erred in sentencing him as a habitual felony offender because, he says, he was not given notice of the specific felony the state intended to rely on for purposes of invoking the Habitual Felony Offender Act (HFOA). In this case, the appellant does not argue that he was not notified of the state’s intention to invoke the HFOA. The appellant maintains that he was not told which conviction would be used for purposes of invoking the HFOA. This issue was preserved for this court’s review by timely objection to the trial court. Robinson v. State, 629 So.2d 1 (Ala.1993).
The state argues that the appellant was informed of the specific prior felony the state intended to rely on when, during Lieutenant Jacks’s testimony, the following occurred:
“[Jacks]—I arrested Mr. Wright or been involved in arresting Mr. Wright on a prior robbery that had the similar M.O. He fit the description of the person that did this robbery.”
The state maintains that the appellant, by failing to deny Jacks’s statement, admitted to committing the prior offense and that the notice requirement was eliminated. We do not agree.
We realize that the notice requirement is eliminated when, during the trial, the defendant admits on the stand to having a prior felony conviction. Connolly v. State, 602 So.2d 452 (Ala.1992). However, the testimony of Lieutenant Jacks was not an admission by the appellant of a prior felony. Further, the appellant did not testify at trial, so there was no opportunity to admit any prior felony convictions.
Rule 26.6(b)(3)(ii), A.R.Crim.P., states:
“At a reasonable time prior to the hearing, the defendant shall be given notice of the prior conviction or convictions upon which the state intends to proceed.”
The appellate courts in Alabama have repeatedly upheld this rule. Connolly, supra; McConnell v. State, 593 So.2d 93 (Ala.Cr.App.1991); Sasser v. State, 494 So.2d 857 (Ala.Cr.App.1986).
The appellant in this case was not given notice of the specific prior felony conviction that the state intended to rely on for purposes of invoking the Habitual Felony Offender Act. As the Alabama Supreme Court stated in Connolly:
“If ... another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of, regardless of whether the State has attempted to prove those particular convictions at the previous sentencing hearing. In other words, the State at any sentenc *302 ing hearing can attempt to prove all of the defendant’s previous felony convictions of which it is aware.”
602 So.2d at 455.
This cause is remanded to the Circuit Court for Talladega County so that a new sentencing hearing may be held. McConnell, supra; Sasser, supra. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.