WISE, Judge.
The appellant, Richard Burgin, appeals from the circuit court’s denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P. Burgin’s petition attacked his 1998 conviction for first-degree robbery and his sentence of life imprisonment, imposed pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975 (“HFOA”). This Court affirmed Burgin’s conviction on direct appeal, by an unpublished memorandum. Burgin v. State (No. CR-98-0273), 768 So.2d 1025 (Ala.Crim.App.1999) (table). A certificate of judgment was issued on June 15, 1999.
On August 20, 1999, Burgin filed a Rule 32 petition challenging his sentence of life imprisonment. Burgin contended in his petition that his sentence was illegal because, he said, the two prior felony convictions used to enhance his sentence for robbery were, in fact, the result of nolo contendere pleas. Burgin subsequently filed a petition for a writ of habeas corpus, alleging the same grounds for relief.[1] The State filed several responses to Burgin’s petitions for postponviction relief. Initially, the State conceded that Burgin’s claim was valid and admitted that Burgin’s sentence had been improperly enhanced by the use of two Florida convictions that had been obtained by nolo contendere pleas. The State later amended its response to deny that the two Florida convictions resulted from nolo contendere pleas, claiming that Burgin had been properly sentenced and that, therefore, his petition was due to be denied. The circuit court granted Burgin’s petition, set aside his sentence of life imprisonment, and ordered that he be resentenced.
At the resentencing hearing, the State offered the three prior felony convictions submitted as evidence during Burgin’s initial sentencing hearing — -the two Florida convictions that had been set aside and a Texas conviction as to which Burgin had received notice that the State intended to invoke it, but that was not used to enhance Burgin’s sentence at the original sentencing hearing, because the State had not yet been able to obtain a certified copy of that conviction.[2] Burgin’s counsel objected to the State’s using the Texas conviction to enhance his conviction, on the grounds (1) that he had not received another notice before the second sentencing hearing of the State’s intent to use the Texas conviction, and (2) that the Texas conviction did not constitute a felony offense, merely a misdemeanor. The court rejected Bur-gin’s claim, admitted the Texas conviction, and sentenced him, as a habitual offender with one prior felony conviction, to 25 years’ imprisonment. At the conclusion of the second sentencing hearing, Burgin gave oral notice of appeal.
I.
On appeal, Burgin argues that application of the HFOA was improper because, he says, he was not notified be *80 fore his second sentencing hearing that the State intended to seek enhancement under the HFOA. We agree. We construe the following statement by defense counsel at the resentencing hearing to be an objection to the State’s failure to provide notice, thus preserving the issue for review:
“Judge, we object to submission of that Texas conviction. At the previous sentencing — I know we are in a new sentencing and it commonly applies here, but the State was unable to obtain documentation for the Texas felony conviction and Your Honor proceeded on the two Florida nolo contendere cases. I have not received any further notice from the State about the intent to proceed on the Texas conviction I have, which I obtained from Mr. Burgin.... But in the event we were not given notice they were going to proceed on this Texas conviction. And it’s our contention it was a misdemeanor anyway.”
The State contends that Burgin received all the notice he was entitled to before the first sentencing hearing. At that time, according to the State, he was notified that the State intended to seek sentence enhancement under the HFOA and he was advised of the prior felony convictions the State intended to prove at sentencing.
In Nichols v. State, 629 So.2d 51 (Ala.Crim.App.1993), this Court held that if re-sentencing was required, the defendant was entitled to be renotified of the State’s intent to proceed under the HFOA and renotified of the convictions it intended to prove.
“ ‘To enhance a defendant’s sentence under the HFOA, the State must give proper notice of its intent to do so. The State must also give the defendant proper notice of the alleged previous felony convictions that it will attempt to prove at that sentencing hearing. If, for whatever reason, another sentencing hearing is required and the State had notified the defendant of its intent to proceed under the HFOA at the previous sentencing hearing, then the State can re-notify the defendant of its intent to proceed under the HFOA and can notify the defendant that it will attempt to prove all previous felony convictions that the State is aware of regardless of whether the State had attempted to prove those particular convictions at the previous sentencing hearing.’ ”
629 So.2d at 57 (quoting Connolly v. State, 602 So.2d 452, 455 (Ala.1992) (some emphasis original; some emphasis added)). See also Clements v. State, 709 So.2d 1321, 1323 (Ala.Crim.App.1997).
As this Court has previously noted,
“[T]he state may use, at a second sentencing hearing, convictions other than those used at the first hearing, provided that proper notice has been given prior to both hearings. Connolly v. State, 602 So.2d 452 (Ala.1992); Jackson v. State, 566 So.2d 758 (Ala.1990). See also A.R.Cr.P. 26.6(b)(3)(ii). ‘This requires only that the defendant be notified before each sentencing hearing that the HFOA will be applied and what convictions the State will attempt to prove.’ Connolly v. State, 602 So.2d at 454 (emphasis added [in Cooper ]).”
Cooper v. State, 632 So.2d 1342, 1343-44 (Ala.Crim.App.1993), aff'd, 632 So.2d 1344 (Ala.1994) (“The record in this case shows that the appellant was not given notice, prior to the third sentencing hearing, of the convictions the state intended to prove. At the hearing, the appellant made numerous and timely objections to the failure to give notice.”).
In the present case, the record does not reflect that the State gave Burgin notice before the second sentencing hearing that it intended to proceed under the HFOA. *81 The record likewise does not reflect that the State gave Burgin notice of what convictions it would attempt to prove at that hearing. Because the State failed to give proper notice, we must remand this case for another sentencing hearing.
II.
Burgin also argues that the circuit court improperly sentenced him under the HFOA because, he says, the Texas conviction offered by the State for enhancement purposes was, in fact, a misdemeanor conviction, rather than a felony conviction.
In determining whether an out-of-state conviction will be used to enhance punishment pursuant to the HFOA, the conduct upon which the foreign conviction is based must be considered, not the foreign jurisdiction’s treatment of that conduct. Daniels v. State, 621 So.2d 334 (Ala.Crim.App.1992). We have examined the record on appeal, including the certified copies of Burgin’s prior convictions offered by the State. In 1993, Burgin pleaded guilty to the offense of robbery, a second-degree felony, and a violation of Tex. Penal Code Ann. § 29.02 (Vernon 1994). That statute provides that a person commits the offense of robbery “if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.” Tex. Penal Code Ann. § 29.02(a). Conduct constituting the offense of robbery, under the Tex. Penal Code Ann. § 29.02(a), would constitute the offense of third-degree robbery in Alabama. See § 13A-8-43, Ala.Code 1975. Section 13A-8-43 provides that third-degree robbery is a Class C felony, an offense punishable by more than one year in prison. See § 13A-5-6(a)(3), Ala.Code 1975. Thus, there is no merit to Burgin’s claim that the offense for which he was convicted in Texas does not constitute a felony offense in this State.
III.
For the reasons stated in Part I of this opinion, we remand this case for another sentencing hearing. Before that hearing, the State should give Burgin reasonable notice of its intent to invoke the HFOA and of the prior felony convictions upon which it intends to rely. A record should be made of the proceedings and included on return to remand along with the circuit court’s sentencing order.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and ' BASCHAB, JJ., concur.
SHAW, J., concurs specially, with opinion.

. It is not clear when this habeas petition was filed. Burgin’s certificate of service is dated December 8, 1999; however, the case action summary reflects that the petition was filed with the circuit clerk on February 16, 2000.

. Given that the certified copies of Burgin's Florida convictions explicitly stated that the defendant was adjudicated guilty of the offenses of forgery and uttering a forged instrument upon his entry of pleas of nolo conten-dere, it appears that the State abandoned its claim that the Florida convictions had been properly used to enhance Burgin’s sentence for first-degree robbery because they were not obtained as the result of nolo contendere pleas. See Ex parte Jenkins, 586 So.2d 176, 177 (Ala.1991) ("Alabama law prohibits the introduction of evidence of previous convictions based on pleas of nolo contendere for enhancement purposes”).

 Note from the reporter of decisions: On December 14, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.