ON RETURN TO REMAND
PATTERSON, Presiding Judge.
On September 20, 1991, we remanded this case to the trial court with instructions to conduct a new sentencing hearing because the trial court had erroneously considered, for enhancement purposes under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, the appellant’s 1977 federal conviction for a violation of 18 U.S.C. § 2313 (1970) (receiving and concealing a stolen motor vehicle) in sentencing the appellant to life imprisonment without the possibility of parole. We concluded that the state had failed to prove that the crime for which the appellant had been convicted in federal court would have constituted a felony under Alabama law. The evidence offered by the state to prove the conviction did not include the value of the motor vehicle. Under Alabama law, the *1252 value of the vehicle determines the grade or degree of the crime, and whether the crime is a misdemeanor or a felony. Code of Alabama 1975, §§ 13A-8-17(b), -18(b), and -19(b). For all that appeared in the record before us, the federal crime for which the appellant was convicted could have been a misdemeanor under Alabama law. Whether the crime would have been a misdemeanor or felony was an important consideration in this case at the time of our remand. It would have determined whether the appellant would receive a sentence of life imprisonment without the possibility of parole or a sentence of life imprisonment with the possibility of parole.
In accordance with our instructions on remand, the trial court conducted a new sentencing hearing. To prove that the value of the vehicle exceeded $100 and thereby establish that the federal crime charged would have been a felony under Alabama law, the state introduced into evidence a certified copy of the federal indictment, which disclosed that the crime was committed on May 15, 1977, and that the stolen vehicle involved was a 1976 Ford Bronco. The trial court concluded that the fact that the vehicle was only one year old at the time of the commission of the offense was a sufficient basis for the court to infer that its value exceeded $100 and, therefore, the court concluded that the federal offense would have constituted a felony under Alabama law. Using the federal conviction for enhancement purposes, the court resen-tenced the appellant, again, to life imprisonment without parole.
We again conclude that the state failed to prove the value of the motor vehicle by competent evidence, thus failing to prove that the federal conviction would have been a felony under Alabama law. Under the circumstances, the value of the vehicle cannot be left to speculation. Accordingly, we must again remand Cooper’s case to the trial court for a new sentencing hearing. If on resentencing, the state is unable to prove the value of the vehicle by competent evidence and thus is unable to prove that the federal conviction would have been a felony under Alabama law at the time of the commission of the offense charged in the instant case, it should resen-tence the appellant without using the federal conviction for enhancement purposes.[1] The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 30 days of the release of this opinion.
JUDGMENT OF CONVICTION AFFIRMED; REMANDED FOR SENTENCING.
All Judges concur.

. Rule 1.5, A.R.Crim.P., as amended effective April 21, 1992, and Rule 26.6(b)(3)(iv), effective January 1, 1991, pertaining to convictions to be considered under the Alabama Habitual Felony Offender Act, are not applicable to the instant case. Applying the new rules to sentencing in the instant case would have the effect of requiring less testimony to prove that the federal conviction would be a felony under Alabama law as required at the time of the commission of the offense for which the appellant was being tried and, thus, would have the effect of an ex post facto law. See Government of Virgin Islands v. Civil, 591 F.2d 255 (3d.Cir.1979); Bowyer v. United States, 422 A.2d 973 (D.C.App.1980); 16A C.J.S., Constitutional Law § 423 (1984); 16A Am.Jur.2d, Constitutional Law § 651 (1979).